The opinion of the court was delivered by
Brewer, J.:
Sage brought an action in the district court to recover damages of Kelley for a malicious prosecution. The facts out of which this action grew were as follows: Sage was arrested and brought up for trial on August 19th, 1871, before a justice of the peace of Atchison county on the complaint of Thomas Kelley (made on said 19th of August) that said Sage, on July 1st, 1871, was guilty of false pretenses in obtaining from the said Thomas Kelley two mules of the value of $438, upon two notes and a mortgage signed by the said Sage, and with the name of James Kelley thereto, the said Sage pretending that he had full authority to sign the name of the said James Kelley to the said notes and mortgage when in fact the said Sage had no such authority. On the said 19th of August, by mutual consent the hearing of the examination was adjourned to August 29th, and Sage gave his bond to appear at that time; and on said August 29th, B. P. Waggener, on behalf of the state, moved that the case be dismissed. The motion was granted — the case was dismissed, Sage discharged, and all the costs, except the fees *111 of the defendant’s witnesses, (which were waived,) were taxed against Kelley the prosecuting witness.
I. In this action several errors are assigned. The first error alleged is the giving of the following instruction:
“ 5th. For the purpose of maintaining this action, a dismissal and abandonment by the defendant of the said criminal prosecution, instituted by him against the’plaintiff, and a discharge and acquittal of the plaintiff by said magistrate, of said offense, is equivalent to a discharge of plaintiff from the accusation.”
A very similar instruction was before this court in the case of Marbourg v. Smith, recently decided, (11 Kas., 554, 560,) and held good. Nothing further need be added here.
II. The second error complained of is the modification of the following instruction, asked by plaintiff in error:
“The jury are instructed that if said James Kelley informed defendant before said affidavit was filed that he never authorized plaintiff to sign his (Kelley’s) name to said notes, and defendant believed such information to be true, and acted thereon in making the said affidavit, then there was probable cause therefor.”
The modification consisted in inserting these words after the word “true,” to-wit, “and if he had no other means of knowing as to that fact.” We see no error in this modification. If Thomas Kelley had ample means of knowing whether James Kelley’s name was properly signed to the notes, and there was testimony tending to show he had, he could not act upon the simple statement of James Kelley, and then-claim that he had probable cause to commence criminal proceedings against Sage. The question was, whether upon all the information he had, or ought to have acquired, he had probable cause to believe that a crime had been committed. So the court placed it before the jury, and committed no error in so doing.
III. The only other question presented is, that the verdict is against the evidence. This also is not well taken. While there was contradictory testimony, there was clear and abundant evidence that Thomas Kelley was simply attempt *112 ing to use the criminal.law to collect á debt. The officer who received the warrant, and made the arrest, says that Kelley told him not to arrest Sage if he paid the money due on the notes; that all he wanted was his money, etc. The criminal law was not designed to assist in the collection of debts,#and he who attempts to so use it must expect to smart for it. The judgment will be affirmed.
All the Justices concurring.