JOSEPH GENEVEY *vs.* WILLIAM A. EDWARDS *et al.*

Submitted on briefs Oct. 10, 1893.    Reversed Oct. 20, 1893.

No. 8302.

Verdict unsupported.

Verdict *held* not sustained by the evidence.

Appeal by William A. Edwards, one of the defendants, from an order of the District Court of Hennepin County, *Thomas Canty,* J., made January 21, 1893, denying his motion for a new trial.

The plaintiff, Joseph Genevey, was in the business of manufacturing and repairing umbrellas at No. 316 First Avenue South in Minneapolis.   On November 4, 1891, he made and delivered to the W. A. Edwards Printing Co. his due bill for four dollars payable in merchandise and work from his store.   On June 25, 1892, Edwards sent George Stables, the other defendant, to Genevey's store with the due bill.   When Stables showed it to Genevey he claimed it had been altered since he made it and put it in his pocket and refused to give it back.   Stables reported the occurrence to Edwards, who after consulting C. H. Childs his attorney sent Stables to the County Attorney and then to the City Attorney.   After stating the facts in the case Edwards and Stables were advised that Genevey was guilty of larceny in so retaining the due bill.   Stables then made complaint in the Municipal Court and Genevey was on June 27, 1892, arrested and brought in and plead not guilty. Genevey was released on his own recognizance and the case was adjourned to July 5, 1892.   On that day the accusation was dismissed and Genevey paid the four dollars.

He then brought this action July 9, 1892, against Edwards and Stables for malicious prosecution and on the trial obtained a verdict against Edwards for $60.   Edwards moved for a new trial and being denied appeals.

*C. H. Childs,* for appellant.

Where a party has communicated to his counsel all the facts bearing on the case, of which he had knowledge or which he could have ascertained by reasonable diligence, and has in good faith acted upon the advice received, probable cause is shown and the

party will not be liable. *Moore* v. *Northern Pac. R. Co.*, 37 Minn. 147; *Gilbertson* v. *Fuller*, 40 Minn. 413; *Walter* v. *Sample*, 25 Pa. St. 275; *Wicker* v. *Hotchkiss*, 62 Ill. 107; *Ash* v. *Marlow*, 20 Ohio 119.

This rule applies with force when the proceeding is instituted upon the advice and with the approval of the prosecuting officer of the State. Edwards consulted his attorney, stated to him all the facts within his knowledge, and so far as he was .concerned .acted upon his advice. Stables stated all the facts to the County Attorney and to the City Attorney, and acted upon their advice. There is no evidence showing or tending to show that Edwards and Stables, or either of them, did not act upon the advice of counsel in good faith in instituting the proceedings against plaintiff. *Castro* v. *De Uriarte*, 16 Fed. R. 93.

*C. E. Brame* and *Robert Christensen*, for respondent.

Want of probable cause is the gist of the action and if such want of probable cause existed the jury would have a right to infer malice from such want of probable cause alone. *Smith* v. *Maben*, 42 Minn. 516; *Potter* v. *Gjertsen*, 37 Minn. 386; *Chapman* v. *Dodd*, 10 Minn. 350.

The criminal prosecution was instituted to coerce plaintiff to pay the $4. The jury had the right to so find on the evidence.

GILFILLAN, C. J. This is an action for malicious prosecution of proceedings in the municipal court of Minneapolis against the plaintiff upon a charge of larceny. The verdict shows how difficult it is for the average jury to comprehend that one charged with a crime of which he is innocent is not necessarily entitled to recover damages from his accuser. It is pretty evident that the decision was determined by the mere question of the plaintiff's guilt or innocence of the crime charged against him; for although the court charged correctly upon the effect advice of counsel has on the question of probable cause, and although there can be no question on the evidence but that defendant in good faith took and acted on advice of counsel, the jury rendered a verdict for the plaintiff.

The charge of larceny was of a duebill made by plaintiff's firm, Genevey & Hart, and payable in merchandise and work from their

store to the defendant's firm, the W. A. Edwards Printing Company. There seems to have been some trouble about it,—something like a refusal by plaintiff's firm to deliver goods or work upon it.

Defendant sent Stables, an employe of his firm, with the duebill to plaintiff, either to learn what was the matter, or to collect it. As to what took place at that interview the testimony of plaintiff and of Stables does not disagree in any essential particular. Stables says plaintiff snatched the duebill out of his hand, and plaintiff says Stables handed it to him, (evidently for the purpose of examining it.) They agree that plaintiff put it in his pocket and kept it, refusing to redeliver it to Stables on his demand, excusing this act by the claim that the duebill had been altered since its issue. Stables reported what had occurred to defendant, who sent his attorney, Childs, to plaintiff, to ascertain what was the matter, and to get the duebill. Plaintiff did not deliver the duebill to Childs, but gave him abusive language, and ordered him out of the store. On Childs' reporting this to defendant, the latter sent Stables to him, and it is to be assumed that what was done by those two was by authority of defendant. After hearing Stables' account of what took place between him and plaintiff, Childs expressed the opinion that plaintiff's act was larceny, but advised no other action than to consult the county attorney. They saw the assistant county attorney, and Stables told the story to him, and he expressed the opinion that the case was one of larceny, but thought the charge would better be for petit larceny, which would come within the jurisdiction of the municipal court and under the control of the city attorney, and advised them to see that officer. They did so, and, after hearing Stables' account, he expressed the opinion that it was a case of larceny, and advised or authorized a prosecution in the municipal court. They went to that court, Stables swore to a complaint, a warrant was issued, plaintiff arrested and arraigned, and pleaded not guilty. On a day to which this case was continued, the court, upon the consent of the city attorney, who had charge of it, dismissed it. There can be no doubt that Stables fully and fairly stated what took place between him and plaintiff to Childs, to the assistant county attorney, and to the city attorney, and that he, on behalf of the defend-

ant, sought and acted upon the opinions of those attorneys. On their opinions he had a right to believe, and beyond question did believe, that plaintiff's act constituted larceny, and, because of such belief, made in good faith the complaint against him.

Honest belief in the party's guilt upon such advice, after such full and fair statement, is probable cause to commence a criminal prosecution.

Order reversed.

(Opinion published 56 N. W. Rep. 578.)

