FIDELLA BURNELL v. WILLIAM S. BRADBURY.

No. 13,621. (77 Pac. 85.)

SYLLABUS BY THE COURT.

ASSAULT AND BATTERY—*Action for Damages—Findings Construed.* In an action to recover damages for assault and battery, where the jury returned a general verdict of one dollar for plaintiff, and by special findings allowed one dollar as punitive damages and allowed nothing for actual damages, and the special findings found no facts authorizing an allowance of punitive damages but did find facts authorizing an allowance of actual damages, and the assault was of such character as to entitle plaintiff to recover nominal damages, it is *held*, that it was error to render judgment for defendant for costs on the special findings of the jury.

Error from Clay district court; SAM KIMBLE, judge. Opinion filed June 11, 1904. Reversed.

*Coleman & Williams*, for plaintiff in error.
*John E. Hessin*, for defendant in error.

The opinion of the court was delivered by

ATKINSON, J. : This action was brought by Fidella Burnell against William S. Bradbury to recover damages for an assault and battery. The jury returned a verdict of one dollar for plaintiff. They also returned eight special findings, and upon motion of defendant the court rendered judgment on them against plaintiff for costs. Plaintiff brings error.

The assault on plaintiff by defendant arose out of a dispute whether plaintiff or defendant had the legal possession and right of occupany of twenty acres of hay land at the time of the assault. Plaintiff was the owner of the land, and defendant was her tenant. The premises were rented for use as hay land; and defendant had so rented them for several years. At the time of the assault he had cut one crop of hay but

claimed the right to cut and remove a second crop, which right plaintiff denied, and insisted on the right to pasture cattle on the premises after the hay had been cut therefrom. She drove about 100 head of cattle on the premises to graze, and was there herding them when defendant ordered her to leave and to drive the cattle therefrom. Upon her refusal so to do, he attempted to drive the cattle off. He claimed that she interfered with his doing so; that when he had succeeded in driving some of them off she, with her horse and dog, would drive them back again. For that reason he, with a buggy whip or rawhide, assaulted her while mounted on her horse, striking her about the body and limbs, and on the head and face. He claimed that the strokes on the head and face were accidental and unintentional, but admitted using the whip elsewhere.

As told by plaintiff the assault was brutal, and wholly unjustifiable. Defendant attempted to justify his course on the claim that she was a trespasser, interfering with his rightful occupancy of the premises; that he ordered her to leave and she refused to go; that her conduct was very provoking; and that he used only such force as was necessary and rightful to remove her. In addition to a general verdict of one dollar for plaintiff, the jury returned the following special findings:

"1. Was the defendant, William S. Bradbury, entitled to the possession of the twenty acres of land described in his answer, on the 19th of September, 1901? Ans. Yes.

2. Was the plaintiff, Fidella Burnell, in going on said land with her cattle on the 19th day of September, 1901, a trespasser? A. Yes.

3. Did the defendant use more force than was reasonably necessary in removing the plaintiff and her cattle from said premises? A. Yes.

4. In removing the plaintiff and her cattle from said land, was the defendant actuated by unlawful, wanton and malicious motives? A. No.

5. If you find for the plaintiff, how much do you allow her for physical pain? A. Nothing.

6. How much do you allow her for mental suffering? A. Nothing.

7. How much do you allow her for humiliation and disgrace? A. Nothing.

8. How much do you allow the plaintiff for punitive damages? A. One dollar ($1.00) and costs, except plaintiff's attorney's fees."

It will be observed that in finding No. 4 the jury negatived one of the elements necessary to authorize or warrant a finding of punitive damages, yet, in finding No. 8, one dollar is allowed as such damages. While by finding No. 1 it was found that defendant was at the time of the assault entitled to the possession of the premises, and by No. 2 that plaintiff was a trespasser thereon, yet by finding No. 3 it was found that defendant, in removing plaintiff from the premises, used more force than was necessary, which entitled plaintiff to a recovery. In the case of *The State v. Bradbury*, 67 Kan. 808, 74 Pac. 231, a criminal prosecution of defendant for the assault committed on plaintiff, it was held:

"One entitled to the immediate possession of real estate may, if he can, take peaceable possession; but in taking possession from one actually, though wrongfully, in possession, he cannot assault, beat and drive such occupant from the premises, and justify his offense against the law upon the ground that he was legally entitled to the possession of the premises and used no more force than was necessary to regain possession and drive the occupant off."

In the case at bar plaintiff charged that defendant assaulted and beat her with a whip, and he so ad-

mitted. This entitled plaintiff to a recovery of nominal damages, and we must assume that the general verdict of one dollar was nominal damages, for such the law and the admitted facts necessarily required. The findings themselves, as above shown, disclose that the allowance by finding No. 8, of one dollar for punitive damages, could not have been otherwise than a finding of nominal damages. The special findings of the jury should be so construed as to harmonize them and uphold the general verdict, if possible so to do. (*Kansas City v. Slangstrom*, 53 Kan. 431, 36 Pac. 706; *U. P. Rly. Co. v. Fray*, 43 id. 750, 23 Pac. 1039; *St. L. & S. F. Rly. Co. v. Ritz*, 33 id. 404, 6 Pac. 533.) There is evidence in the record to support all the findings of the jury thus construed.

Error is assigned in the admission and rejection of testimony, the giving and refusing of instructions, and the ruling of the court on motions filed in the case. We have examined the entire record and find no material or prejudicial error therein, aside from the ruling sustaining the motion of defendant for judgment on the special findings. For that error the judgment will be reversed, and the district court directed to enter judgment for plaintiff on the general verdict.

All the Justices concurring.