### NILS WICKSTROM v. SWAN·P. SWANSON and Another.[1]

April 30, 1909.

Nos. 16,060—(62).

**Action for Money Deposited.**

Action to recover money delivered to the defendants by the plaintiff safely to be kept and returned on demand.    Verdict for the plaintiff. *Held*, the evidence is sufficient to sustain the verdict against both defendants.

**Charge to Jury.**

The trial court did not err in its charge to the jury, nor in refusing to give requested instructions.

**Assignments of Error not Argued.**

Certain assignments of error as to rulings on the admission of evidence waived, because not urged in the brief.

**Malicious Prosecution.**

Where the termination of a prosecution has been brought about by the procurement of the defendant, or by compromise or agreement of the parties, an action for malicious prosecution cannot be maintained.

**Same—Counterclaim.**

The court did not err in refusing to submit the defendant's counterclaim for damages, based on his alleged malicious prosecution by the plaintiff, for the reason that the evidence did not show want of probable cause therefor.

Action in the district court for Hennepin county to recover $1,300 which plaintiff alleged that he intrusted to the defendants on January

[1] Reported in 120 N. W. 1090.

7, 1908, and which he alleged the defendants converted and disposed of to their own use. The case was tried before John Day Smith, J., and a jury which returned a verdict in favor of plaintiff for the sum demanded. From an order denying defendants' motion for judgment notwithstanding the verdict or for a new trial, they appealed. Affirmed.

*Gjertsen & Lund,* for appellants.

*Mead & Robertson,* for respondent.

START, C. J.

This action was brought in the district court of the county of Hennepin to recover from the defendants $1,300 for money received by them from the plaintiff, to be returned to him on demand. Verdict for the plaintiff for the amount claimed, and the defendants appealed from an order denying their joint and several motion for judgment notwithstanding the verdict or for a new trial. A brief statement of the allegations of the pleadings is essential to a consideration of the defendants' assignments of error.

The complaint alleged that the defendants were and are copartners under the name of Swanson Bros.; that at Minneapolis, on January 7, 1908, the plaintiff intrusted to the defendants $1,300 belonging to him, upon their promise to safely keep and return to him on demand; that they converted the money to their own use and refused to repay the same to him; and, further, that on January 11, 1908, he demanded from the defendants the money, but they refused to repay to him any part thereof. The defendants answered separately, both of them admitting the alleged partnership.

The answer of the defendant Swan P. Swanson admitted and alleged that the plaintiff delivered to him personally the $1,300, to be kept for the plaintiff; that a demand was made for its return; but denied that the money was delivered to the firm, and also denied that he converted any part of the money. As a defense the answer alleged that the defendant carried the money upon his person to the knowledge of the plaintiff, who, with his friends, kept him drunk for two days, and while he was in a helpless condition they took the money from him, and the plaintiff repossessed himself of the money. As a counterclaim the answer alleged that the defendant had sustained damages in the sum

of $3,000 by reason of his malicious prosecution in the municipal court of the city of Minneapolis on a charge of embezzling the money intrusted to him by the plaintiff. The alleged defense and counterclaim were put in issue by the reply.

The answer of Theodore Swanson denied that the money was ever delivered to the copartnership, or received by it, or by himself, and alleged that the plaintiff had repossessed himself of the money, substantially as alleged in his codefendant's answer.

The defendants did not, by demurrer or otherwise, raise any question as to the form or substance of the complaint.

. 1. The first contention of the defendants to be considered is to the effect that the action is solely one of conversion of the money; that the money came lawfully to the possession of the defendant Swan P. Swanson; that it is undisputed that at the time the demand was made for its return the money had been lost; and therefore there was no conversion, and the trial court erred in denying the defendants' motion for a directed verdict. .

Where a party is in the lawful possession of goods as bailee, and he loses them by neglect, the remedy in general must be assumpsit for a breach of the contract of bailment or an action on the case for a neglect of duty whereby the subject of the bailment was lost. 1 Chitty, Pl. 134, 155. If, therefore, this action is solely one for conversion, and the evidence is conclusive that the defendants lost the money, and did not actually convert it to their own use, the action cannot be maintained; for it is conceded that the original possession of the money by the defendants was lawful, it having been delivered to the defendant Swan P. Swanson, who gave his receipt therefor to the plaintiff. We are, however, of the opinion that the question whether the defendants, or either of them, lost the money, was one of fact for the jury. Again, this action is not solely one for conversion; for, if it be conceded that the complaint states a cause of action in conversion, it also states a cause of action ex contractu for a breach of the contract of bailment, by alleging, as it does, the intrusting of the money to the defendants upon their promise to safely keep and return it to plaintiff on demand, which was made and refused. No question was made that several causes of action were improperly joined, and the plaintiff was entitled to a verdict if he established either one of them. When it was either

proven or admitted by the pleadings that the defendants received the money from the plaintiff upon the promise safely to keep and return it on demand, that such demand was made and refused, the contract of bailment and its breach were prima facie established, and the burden was then on the defendants to excuse the breach.

It is also urged that the bailment was not a partnership transaction, but was the individual contract of the defendant Swan P. Swanson; hence the trial court erred in denying the motion of the defendant Theodore Swanson for a directed verdict in his favor. There was evidence tending to show that it was a partnership transaction. It follows that the trial court did not err in denying the defendants' motion for a directed verdict in favor of the defendants, or for either of them, and that the verdict is sustained by the evidence.

2. The defendants further claim that the court erred in submitting the question of the defendants' liability as an innkeeper, for the reason that the evidence fails to allege facts which would constitute an innkeeper's liability. The short answer to this claim is that the court did not submit the question of the defendants' liability as innkeepers; but, on the contrary, the jury were expressly instructed that the defendants' place of business, which consisted of a saloon and lodging house, and was conducted by them, was not an inn within the meaning of the law. The court, however, did instruct the jury as follows: "If, without compensation of any kind, a person keeping a saloon and lodging house like this receives money on deposit, without compensation, and wholly for the bailee's [bailor's] benefit, then he is responsible for only gross negligence; but if, however, the person who deposits the money is a guest of the saloon and lodging house, perhaps compensation may be implied from the law, and he is held to the exercise of ordinary care in keeping and returning the money that is committed to his charge."

The giving of this instruction is assigned as error; but it is only incidentally urged in the brief, if at all. Waiving this, we are of the opinion that the giving of the instruction was not error, for there was evidence tending to show that the plaintiff, while he did not stay at the defendants' place of business the first night after the money was deposited, yet he did so lodge at their place the following two nights; that he was a patron of their bar; that the patrons of the defendants were laborers, including the plaintiff, many of whom were accustomed·

to leave their money with the defendants, while at their place of business, who had a safe in which money so deposited with them was kept; and, further, that the plaintiff had stopped at their place some eight years prior to the time in question. Upon this evidence the jury might well infer that some pecuniary benefit would accrue to the defendants by their receiving and keeping the plaintiff's money for him.

3. Many alleged errors are assigned by the defendants as to the rulings of the court in receiving certain evidence over their objections. The alleged errors are not urged in the brief of counsel, other than as follows: "The court should have sustained our objection to the evidence which plaintiff offered tending to show the character of the business conducted by the defendants as to renting out rooms, etc. We therefore submit that assignments of error numbers 1, 2, 4, 11, 12, 13, 19, 20, 21, 22, 24, 25, 26, 27, 28, 29, 30, 31, and 32 ought to be sustained." This points out no reason why the court erred in overruling the defendants' objections, but simply invites this court to grope through the record to find error in the rulings, if any there be, and they clearly fall within the rule that assignments of error not urged in the printed brief are waived. Peterson v. City of Red Wing, 101 Minn. 62, 64, 111 N. W. 840.

4. The last contention of the defendants to be considered is that the court erred in withdrawing the counterclaim of Swan P. Swanson from the consideration of the jury. At the close of the evidence the plaintiff's attorney made a motion to strike out all of the evidence given with reference to the alleged counterclaim, for the reasons that neither malice nor want of probable cause had been proved, and, further, that the dismissal of the prosecution against defendant in the municipal court was not such a termination of the cause as would lay the foundation for an action of malicious prosecution. The court granted the motion, and the counterclaim was not submitted to the jury.

The record justifies the conclusion that the defendant was not guilty of the offense of embezzling the money, as charged by the plaintiff in his complaint against him in the municipal court; but this is not the test of probable cause. Genevey v. Edwards, 55 Minn. 88, 56 N. W. 578. The evidence shows that the plaintiff was a railroad laborer from Spokane, who was quite ignorant, having little, if any, knowledge of legal matters; that he demanded his money from the defendant, and was

told by him that he could not pay him, because he had lost it—did not know what had become of it; that they were looking for it, and asked him to wait a few days, as the police were investigating the loss of the money; that the plaintiff made a second demand for the money, and the defendant told him to go to Spokane, and he would send the money to him; that the plaintiff had known the defendant for some years, and left with him some money eight years before, which was paid on demand; and, further, that the plaintiff, failing to get his money, or any explanation why it was not paid which was satisfactory to him, consulted a competent and reputable attorney, who called upon the defendant and asked him why he did not return the money, and was informed that the matter was being investigated, but to his question, "What are you investigating?" no answer was made; that the attorney then left, and two days thereafter he advised the plaintiff to swear out a warrant against the defendant for embezzlement, and the plaintiff acted upon the advice, and the defendant was arrested upon his complaint; that upon a hearing before the municipal court three witnesses were sworn for the state, and thereupon the defendant's attorney moved to dismiss the case, which the court denied; that the defendant swore at least two witnesses, and then renewed his motion to dismiss; that the court stated that it had some doubt upon the question of intent; that the question of intent would be plainer if the defendant would return the money he had received from the plaintiff; that defendant's counsel then stated that he would not return the money but that he would agree to put $1,300 in the bank, or would leave it with the court, to abide the event of a civil action which had then been commenced; and, further, that plaintiff's counsel, in response to a question by the court, stated that such an arrangement would be satisfactory, and he would take the word of defendant's counsel that the money would be so deposited, and upon such word being given the court dismissed the case.

The evidence as to the manner of the termination of the criminal case is undisputed. Where the termination of the prosecution has been brought about by the procurement of the defendant, or by compromise and agreement of the parties, an action for malicious prosecution cannot be maintained. 19 Am. & Eng. Enc. (2d Ed.) 684; 26 Cyc. 59; Craig v. Ginn, 3 Penniwell (Del.) 117, 48 Atl. 192, 94 Am.

. St. 77, 53 L. R. A. 715. Upon the whole evidence we are of the opinion that want· of probable cause for the prosecution was not shown, and that the trial court did not err in refusing to submit the alleged counterclaim to the ·jury.

Order affirmed.