Dan Foltz, *Appellee*, v. Carl Buck et al., Partners, etc., et al. (Carl Buck, *Appellant*).

No. 18,100.

SYLLABUS BY THE COURT.

1. MALICIOUS PROSECUTION—*Malice an Essential Element.* In an action for malicious prosecution malice is an essential element, but it is not restricted to the personal hatred, spite or revenge of the one who institutes the prosecution.

2. —— *Instruction as to Malicious Prosecution—Not Error.* In a case where there was testimony tending to show that the defendant caused the plaintiff to be prosecuted for an offense when he did not believe the plaintiff to be guilty, and that a

prosecution was instituted for an improper and wrongful purpose, it was not error for the trial court to include in his charge the statement that "the prosecution of a person with any other motive than to bring the guilty person to justice is in the law a malicious prosecution."

3. SPECIAL QUESTIONS—*Refusal to Submit—Not Error.* The refusal of the court to submit a special question asking the jury to state in detail the material facts which the defendant withheld when he consulted the county attorney as to the bringing of the prosecution was not error.

4. SPECIAL FINDINGS—*Construction—Upholding General Verdict.* Special findings will be construed, if possible, so as to uphold the general verdict, and where there is obscurity as to the kind of damages included in the general verdict the prayer of the petition is not absolutely controlling but consideration may be given to the allegations in the body of the petition and to the testimony introduced in support of them as well as to the instructions given to the jury.

Appeal from Butler district court. Opinion filed April 12, 1913. Affirmed.

*T. A. Kramer, George J. Benson,* both of El Dorado, and *N. A. Yeager,* of Augusta, for the appellant.

*C. L. Aikman,* of El Dorado, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This action was brought by Dan Foltz, the appellee, against Carl Buck, the appellant, to recover damages for malicious prosecution. The parties both resided in Augusta, and on October 28, 1910, Buck swore to a complaint charging Foltz with feloniously and burglariously entering a store building in that city with the intention of stealing merchandise kept there. On this complaint the warrant was issued, and Foltz was arrested and taken before a justice of the peace in El Dorado. On November 17, 1910, a trial was had, and upon the evidence the magistrate found that Foltz had not committed the offense charged, and also that there was no probable cause for charging

him with the offense. Shortly afterwards the present action was brought, and on the trial a verdict awarding damages to Foltz in the sum of $500 was returned.

The appellant and his partner were engaged in the produce business and had stored butter, eggs, poultry and other articles in the basement of a building in Augusta, and appellee and his family resided in rooms in the same building immediately above the basement. It appears that appellant and his partner kept dogs in the basement, and that female dogs were sometimes brought there for the purpose of breeding them to one of appellant's dogs. The howling and noise made by the dogs irritated appellee, and he had quarreled with appellant about this, and also about an improper proposal that appellant had made to the wife of appellee. According to appellee's testimony there was a great deal of howling by the dogs on October 24, 1910, which angered him, and he undertook to find appellant and to put an end to the disturbance. He stated that he heard some one in the basement, but when he knocked at the door no one answered, and when he tried to enter the basement he found it was locked. He then called to a young woman who was in his home to hand him the key to the kitchen door, and when this was given him he unlocked the door and entered the basement. There he found two men who told him they were there to breed the dogs, but upon inquiry he found that appellant was not in the basement. After upbraiding them for keeping dogs there he learned upon inquiry of the wife of appellant where he had gone and followed him to that place. There a somewhat angry controversy ensued. On the other hand, appellant claims that his firm had been losing articles from the basement for some time, and that in order to detect the criminals he had left these men in the basement, and that appellee had entered that day without knocking, and he appeared to be surprised when he found that persons were in there. As against this claim the appellee says the

building was upon a public street opposite a hotel, the basement was high and with windows through which persons inside could be readily seen, that appellee called aloud for the key with which the door was unlocked, and that he entered there in the middle of the day, without secrecy or stealth, but for the sufficient reason of putting an end to a nuisance under his dwelling.

The first contention is that appellee failed in his proof, and that, therefore, appellant's demurrer to the evidence should have been sustained. There appears to be no shortage in the proof. It was shown upon an examination of the merits of the charge made by appellant that appellee was not guilty, and aside from the discharge and the findings of the magistrate that there was no probable cause, there was abundant testimony to show that appellant had no reasonable grounds for believing appellee to be guilty at the time he made the charge, and that in fact he did not then believe appellee to be guilty, but maliciously instituted the prosecution against him. It is unnecessary to recount the facts brought out in the testimony, but based upon it the jury made special findings to the effect that appellant did not believe that appellee was guilty when he instigated the prosecution, that when he consulted with the county attorney in regard to the prosecution he did not fairly or fully state the facts to him, and further, that appellant caused the arrest and prosecution of appellee from malicious motives.

There is complaint that there was error in permitting counsel for appellee, in his opening statement to the jury, to characterize the breeding of dogs in the basement under the residence of appellee as a "nefarious" business. It is true that an emphatic adjective was used in describing such conduct, but it certainly affords no grounds for reversal.

Error is assigned on a statement by the court in one of its instructions that "the prosecution of a person with any other motive than to bring the guilty person

to justice is in the law a malicious prosecution." Although this is a very condensed statement of the law, it can not be regarded. as erroneous. In this action malice is an essential element to be proven, but malice is not restricted to personal hatred, spite or revenge. It is enough if the prosecution was instituted from any wrongful or improper motive. The law contemplates that criminal prosecutions shall only be brought to punish crime and to bring criminals to justice. When a proceeding is intentionally instituted to further a private or wrongful purpose it is in law a malicious prosecution. As stated in *Kelley v. Sage,* 12 Kan. 109:

"The criminal law was not designed to assist in the collection of debts, and he who attempts to so use it must expect to smart for it." (p. 112.)

It has also been said:

"In a legal sense, any act done willfully and purposely to the prejudice and injury of another, which is unlawful, is, as against that person, malicious." (*Commonwealth v. Snelling,* 32 Mass. 321.)

In *Vinal v. Core and Compton,* 18 W. Va. 1, the court expressed the idea of the challenged instruction in equally brief terms where it said that malice in its legal meaning was "some motive other than a desire to have punished a person believed by the prosecutor to be guilty of the crime charged." (p. 27.)

In speaking of malice in the enlarged sense of the law, the supreme court of Oregon held that it included every unlawful and unjustified motive, adding:

"In an action for malicious prosecution any motive, other than that of simply instituting a prosecution for the purpose of bringing a party to justice, is a malicious motive." (*Gee v. Culver,* 13 Ore. 598, syl. ¶ 1, 11 Pac. 302.)

Language substantially similar to that used by the court in this case is found in 19 A. & E. Encycl. of L. 675, where it is said that "malice may consist, it has

25—89 KAN.

been held, of any motive other than a desire to bring a guilty party to justice," and numerous cases are cited in support of the text.

The twenty-third instruction given is also the subject of complaint, on the alleged ground that there was no dispute in the material facts and that the court should. have told the jury expressly that there was probable cause for instituting the prosecution. As already shown, there was a dispute in the testimony, and certainly there was plenty to show that the prosecution was instituted without probable cause.

No error was committed in refusing to submit a special question asking the jury to detail the facts withheld by appellant from the county attorney when he submitted the matter to that officer. As well might he have asked the jury to state the testimony on which the verdict was based. Only single ultimate facts are to be submitted in any special interrogatory.

The objections to questions are not deemed to be material nor is there any substantial basis in the claim that the special findings conflict with each other or with the general verdict. Appellant finally insists that there was error in entering judgment against him for $500. His claim is that under the petition and special findings the judgment against him should not have exceeded $35. In appellee's petition he includes allegations to the effect that the malicious prosecution had caused injury to his feelings, reputation and business, and that he had been put to the expense of $25 to procure an attorney to defend him in the prosecution and the sum of $10 to procure the attendance of witnesses at the trial of the criminal charge. In the prayer of the petition he asks judgment for "the sum of $35 actual damage, and for five thousand ($5000) dollars punitive damage, and for costs of this action." In the trial proof was offered showing actual damages far beyond the damages mentioned, and also testimony was received which warranted a substantial award as ex-

emplary damages. One of the special interrogatories and answers was:

"If you should find for the plaintiff, state separately the amounts allowed for actual damages and exemplary damages, if you allow any exemplary damages. Ans. Actual damages, $500.

"Exemplary damages."

It is plain that the pleader blundered in formulating the prayer of the petition and confused actual expenses with actual damages. The pleading of injuries to his business, reputation and feelings in the body of his petition and the offering of proof in support of these averments shows that the case was tried on the theory that the actual damages were not limited to the actual expenses incurred at the trial of the criminal charge. The court directed the trial and instructed the jury as if actual damages beyond the amount claimed for expenses of the prosecution were involved. Appellant insists that he did not try the case on that theory, but while he made numerous objections to the introduction of evidence, it is manifest that when the evidence was admitted and the instructions given relating to actual damages no specific objection was made that under the pleadings the actual damages should be limited to the money paid as expenses of the criminal trial. The case having been tried as one of substantial damages for injury to the business, good name and feelings of appellee, the jury must have made their award upon that theory. Instead of finding the actual damages as $35, the special finding disclosed an award of $500 as actual damages, which necessarily included the $35 paid out as actual expenses. The findings are to be construed so as to support the general verdict where that is possible, and within the rule of *Burnell v. Bradbury,* 69 Kan. 444, 77 Pac. 85, we think the verdict can be upheld.

Finding no material error in the proceedings, the judgment of the district court will be affirmed.