'(June 29, 1917.)

## WM. E. CAMPBELL, Respondent, v. THE BANK AND TRUST COMPANY, a Corporation, Appellant.

[166 Pac. 258.]

MALICIOUS PROSECUTION—TERMINATION—COMPROMISE OR AGREEMENT OF PARTIES.

An action for damages for malicious prosecution cannot be maintained where it appears that the criminal case, which forms its basis, was terminated by dismissal, without hearing, by procurement of the party prosecuted, or as the result of a compromise.

[As to determination of proceeding by compromise as termination sufficient to support action for malicious prosecution, see note in **Ann. Cas. 1915D, 1164.**]

APPEAL from the District Court of the Second Judicial District, for Lewis County. Hon. Edgar C. Steele, Judge.

Action for damages for malicious prosecution. Judgment for plaintiff. *Reversed.*

James E. Babb and Perry W. Mitchell, for Appellant.

C. T. McDonald, J. S. McDonald and S. O. Tannahill, for Respondent.

Counsel cite no authorities on point decided.

MORGAN, J.—Respondent was the owner of certain livestock in Lewis county which he mortgaged to appellant. After the mortgage had been filed in the office of the county recorder respondent removed the property to Nez Perce county. Appellant thereupon procured his arrest pursuant to the provisions of sec. 7100, Rev. Codes, which provides: "Every mortgagor of property . . . . who, while such mortgage remains unsatisfied in whole or in part, wilfully removes from the county or counties where such mortgage is recorded,

. . . . the property, or any part thereof, without the consent of the holder of the mortgage, is guilty of larceny.''

This action was commenced by respondent against appellant to recover damages for malicious prosecution of the criminal case above mentioned. At the close of the testimony upon the part of both parties appellant moved for a nonsuit, also for an instruction to the jury to render a verdict for the defendant. These motions were denied and a verdict was rendered in respondent's favor upon which judgment was entered, from which, and from an order overruling a motion for a new trial, this appeal was taken.

It appears from the record that the criminal complaint was signed by Arthur E. Clark, president of appellant corporation, and that he did so, largely, upon information received from S. D. White, who was acting as appellant's agent in the matter. It further appears that after respondent had been arrested and taken to jail some negotiations were entered into between himself and White looking to a settlement of his indebtedness to the bank, payment of which was secured by mortgage on the chattels above mentioned and upon certain real estate belonging to him. The culmination of these negotiations was that he turned over a portion of the personal property and deeded the real estate to appellant, whereupon the criminal charge was dismissed by the magistrate at respondent's request, he paying the costs, and he was released from custody.

With respect to the settlement, the dismissal of the criminal complaint and his discharge from custody, respondent testified, upon his direct examination, in part, as follows:

''Q. You say you saw this man White, did you have a conversation with him at the jail? A. He done most of the conversation himself.

''Q. He talked to you did he? A. He seemed to lead Rice and me to Babb's office and on the way down there he told me all the big things he was going to do, going to foreclose, going to send me to the penitentiary, and going to cost me everything, but if you will sign over this half section of land and let me help myself to the horses and mules we will turn

you loose and not appear against you, be nothing to it. . . . . He says you just sign over the land and we will help ourselves to the horses and mules and it will be all right, and we will dismiss it.

"Q. What did he say he would do if you didn't sign over the deed and bill of sale? A. They would send me to the penitentiary and foreclose on my land. . . . .

"Q. Did you sign the deeds? A. Yes, sir. . . . .

"Q. What if anything did Mr. Erb, the justice of the peace, do relative to you? A. Well he called up Mr. Hodge [prosecuting attorney] and said that the prosecuting witness was satisfied and I guess the case will be dismissed, and he said somebody has got to pay the costs of this thing, and I told him it was a hell of a note to put a man in jail and take his property away from him and make him pay his way out, so the costs was taxed up to me, $13.20, or whatever it was and I paid it and was released after it was all over."

Upon cross-examination respondent further testified:

"Q. Now on the 10th day of August, 1912, when you made the bill of sale to them for a part of that chattel mortgage property and the deeds for the land you made those transfers in satisfaction of the amount that was due on that mortgage, the $3,000 note, $2,850 note, and all interest and all future advances that had been made under it did you not? A. I remember of making out some deeds to get out of jail and so forth but—

"Q. Those were turned over in satisfaction of that indebtedness? A. To avoid prosecution and satisfy Mr. Clark.

"Q. To satisfy that indebtedness? A. Yes, sir."

It further appears that Mr. White presented himself at the office of the justice of the peace, at the time the preliminary examination was to have been held and at which time the case was dismissed, and offered to testify upon behalf of the prosecution, but it does not appear that either he or appellant otherwise insisted upon going forward with the case.

This is not such a termination of the criminal case as will sustain this action.

"Where the termination of a prosecution has been brought about by the procurement of the defendant, or by a compromise or agreement of the parties, an action for malicious prosecution cannot be maintained." (*Wickstrom v. Swanson,* 107 Minn. 482, 120 N. W. 1090; 26 Cyc. 58; *Langford v. Boston & A. R. Co.,* 144 Mass. 431, 11 N. E. 697; *Emery v. Ginnan,* 24 Ill. App. 65; *Singer Sewing Machine Co. v. Dyer,* 156 Ky. 156, 160 S. W. 917; *Waters v. Winn,* 142 Ga. 138, Ann. Cas. 1915D, 1067, 82 S. E. 537, L. R. A., 1915A, 601.)

The judgment is reversed with direction to the trial court to dismiss the action. Costs are awarded to appellant.

Budge, C. J., and Rice, J., concur.