GENEVIEVE D. STINE v. WALKER D. HINES, DIRECTOR GEN-
ERAL OF RAILROADS OF THE UNITED STATES, AND
ANOTHER.

YELLOW CAB COMPANY, APPELLANT.[1]

January 21, 1921.

No. 22,123.

**Passenger's baggage — limitation of liability of transfer company.**

1. Where a transfer company received a traveler's trunk, to be
transferred from one railroad station to another, and delivered to the
traveler a claim check therefor upon which was printed a notice that
in case of loss of the baggage its liability was limited to $100, such
limitation is not binding upon the traveler, unless notice thereof
is brought to her attention under circumstances from which her as-
sent thereto is to be implied.

**Same — knowledge of passenger question for jury.**

2. Whether, under all the circumstances as disclosed by the evi-
dence, the plaintiff, in accepting the appellant's claim check, had
actual or constructive knowledge of the limitation of liability printed
thereon, was a question for the jury.

**Trover and conversion — proof of allegations of answer — recovery by
plaintiff.**

3. In an action against a transfer company, in conversion, for the
value of a trunk and its contents, where the answer admits receiv-
ing the trunk and alleges that appellant transferred and delivered
the same to the railway company as directed by plaintiff, and it
failed to prove such delivery or to deliver the same upon demand,
the plaintiff may recover therefor in such form of action.

**Admissibility of evidence.**

4. The record discloses no reversible error, either in the instruc-
tions or rulings upon the admissibility of evidence.

**Amendment of complaint to comply with the proof.**

5. There was no abuse of discretion on the part of the trial court
in permitting an amendment to the complaint to comply with the
proofs.

[1] Reported in 181 N. W. 321.

Action in the municipal court of Minneapolis for conversion. The facts are fully stated at the beginning of the opinion. The case was tried before Charles L. Smith, J., who at the close of the testimony denied separate motions by defendants for directed verdicts, and a jury which returned a verdict for $480 against the Yellow Cab Company. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, the Yellow Cab Company appealed. Affirmed.

*George T. Simpson, John F. Dahl* and *Eugene S. Bibb,* for appellant. *William W. Bartlett,* for respondent.

QUINN, J.

Plaintiff arrived at the Milwaukee station in the city of Minneapolis as a passenger over the Chicago, Milwaukee & St. Paul Railway on the afternoon of June 20, 1919. She remained over night at the home of her brother, George E. Dyer. During the afternoon of the following day she went with her brother to the Great Northern passenger station where she purchased a ticket over the Chicago Great Western Railway to her home in Ogden, Utah. She then exhibited her railway ticket to the agent of the defendant Yellow Cab Company, who had a desk in the Great Northern station, delivered to him the Milwaukee baggage check for her trunk and requested him to have the trunk brought over from the Milwaukee station in time for the train west over the Great Western, which was to leave in about two hours, and paid him seventy-five cents therefor. She received in return a Yellow cab claim check for her trunk, which she thereafter delivered to the baggage man at the baggage room, and received a Great Western baggage check for the trunk. Upon the arrival of the Great Western train she departed thereon for Ogden. She never recovered her trunk, though several demands upon the railway company and also upon the Yellow Cab Company were made therefor.

This action was brought against the Chicago Great Western Railway Company and the Yellow Cab Company in conversion; the value of the trunk and contents thereof being alleged in the complaint as amended upon the trial to be $536.90. The defendant Yellow Cab Com-

pany, in its answer, admits receiving the trunk and alleges that it delivered the same to the Great Western at the Great Northern station as directed by the plaintiff. The cause was tried to a jury and a verdict for $480 returned in favor of the plaintiff and against the Yellow Cab Company alone. From an order denying its alternative motion for judgment in its favor or for a new trial the defendant Yellow Cab Company appeals.

Under the proofs offered by the plaintiff and admissions contained in the answer, it is clear that the trunk was received by the appellant as bailee. It alleges that upon receipt of the trunk it delivered the same to the defendant Chicago Great Western Railway Company. The railway company denies ever having received the same. Considerable testimony was offered bearing upon this phase of the case. The trial court instructed the jury: "If you are convinced, by a fair preponderance of the evidence, that this trunk was turned over to the railroad company, then your verdict will not be against the Yellow Cab Company, but will be in favor of the plaintiff and against the railroad company." By its verdict the jury found against the appellant and in favor of the railway company upon this issue, and in our opinion there was ample testimony to support the finding.

Appellant insists that there was not sufficient proof to sustain a charge of conversion and cites Wickstrom v. Swanson, 107 Minn. 482, 120 N. W. 1090, in support of the contention. In the case at bar, as in the case cited, the proof is not conclusive as to what became of the bailment. Under the evidence it was a question for the jury whether appellant delivered the trunk to the railroad company as alleged in its answer. When it was made to appear that appellant received the trunk for the purpose of transferring it to the Great Northern station, and that it failed to make the transfer, as the jury found, and that upon demand it failed to deliver the same, the burden was cast upon it to explain the manner of loss, and, in the absence of a showing of due care on its part to avoid such loss, it would be liable in conversion. Wickstrom v. Swanson, supra; Davis v. Tribune Job-Printing Co. 70 Minn. 95, 72 N. W. 808.

Upon one side of the Yellow Cab check, which plaintiff received, was

printed the following: "The liability of this company and all others over which this baggage may travel, is limited to one hundred dollars." There was testimony to the effect, if true, that the plaintiff was not informed as to the limitation on the check and that she did not read or know anything about the same. This phase of the case was submitted to the jury under instructions which permitted it to allow the full value of the trunk and its contents, unless the plaintiff consented to the limitation printed on the check. The instruction was full and clear and properly covered the rule in this state upon the subject under the decisions. 1 Dunnell, Minn. Dig. § 1316.

The instruction was:

"This (check) was handed to the plaintiff, but the plaintiff did not accept those conditions unless her attention was called to the words I have read you and she assented to them. In other words, if the plaintiff's attention was not called to what I have read to you, or if she did not look at it, then this condition does not bind her. In other words, before she would be bound by the conditions upon this check of the Yellow Cab Company her attention must have been called to the wording at the time, and she, by word of mouth, or by silent acquiescence, agreed to those terms and conditions. If you find that her attention was drawn to it, either by the agent of the company, or she discovered it herself, and did acquiesce in those terms, then in that event you cannot allow a verdict against the Yellow Cab Company in excess of one hundred dollars and interest. But if her attention was not called to it, or, if she did not see it, and if you find she did not know of it and did not acquiesce in it in any manner, then she is entitled to the full amount of the baggage lost with interest."

While a common carrier cannot exempt itself from liability for loss of goods resulting from its own negligence, yet in the absence of a statute to the contrary a special agreement limiting such liability may be in the form of a special acceptance of the goods by a carrier. But in order to bind the shipper by a special acceptance he must expressly assent thereto, or it must be brought home to him under circumstances from which his assent may be implied. 1 Dunnell, Minn. Dig. §§ 1316-1318. The same rule applies to limitations printed on baggage checks as in

the transportation of other goods. Such restrictions of liability will not be binding on a passenger unless his assent thereto is shown. 6 Cyc. 664, and cases cited. We are unable to discover any reversible error in the instructions or rulings upon the admissibility of testimony.

Affirmed.