No. 32,452

CLYDE M. GREEN, *Appellant,* v. VERNON B. WARNOCK, *Appellee.*

(58 P. 2d 1059)

Opinion filed July 3, 1936.

B. J. Lempenau and B. F. Messick, both of Topeka, for the appellant.
Hugh C. Larimer and Tinkham Veale, both of Topeka, for the appellee.

The opinion of the court was delivered by

WEDELL, J.: This was an action to recover damages for alleged malicious prosecution. The jury returned a verdict for plaintiff and made special findings of fact. Defendant's motion for judgment on the special findings was sustained. Plaintiff appeals.

Various errors are urged. Appellant first complains of an amendment which the trial court permitted defendant to make in the course of the trial. Originally plaintiff sued on two causes of action, the first cause of action being for false imprisonment. Plaintiff had previously recovered on the first cause of action and it is not involved in this appeal. A new trial was granted on the second cause of action now before us. Defendant had filed an answer and cross petition. It might be well to state here that the plaintiff, Green, had been employed in defendant's grocery store during which time certain shortages of money appeared at various intervals. A criminal action had been instituted against Green. Conferences were held between Green's attorney and Warnock, the defendant in this action, and Warnock's attorney, concerning the dismissal of the criminal action. Warnock still owed Green a week's wages, and in his answer in this malicious-prosecution case Warnock claimed an agreement of full settlement had been reached through the attorneys representing the respective parties, whereby Green was to release Warnock of all civil liability which Warnock might have incurred as a result of the arrest and prosecution, and that Warnock had agreed to recommend dismissal of the criminal action. Warnock's answer in the present case contained the following admission:

"Defendant, V. B. Warnock, further states that in pursuance to said agreement he did recommend that the criminal charges against the above plaintiff be dismissed and that the same were dismissed." ‹

In the course of the trial it developed that Green's attorney in the criminal case had been very active in procuring the dismissal of the criminal case. Defendant then asked and obtained leave to amend his answer as follows:

"That while said action was duly pending in the district court, the said action was dismissed at the request and instance of H. R. Fulton, who was the then and there attorney for this plaintiff in said action."

Appellant contends the amendment was inconsistent with the former portion of the answer above quoted. The contention is not well taken. The fact Warnock recommended to the county attorney

that the criminal action be dismissed did not necessarily mean the criminal action was not in fact dismissed at the request and instance of Green's attorney. Warnock's previous answer did not allege the dismissal was procured through his efforts.

Appellant further insists the amendment was not properly made in that it was inserted in the answer to plaintiff's first cause of action. This error was the result of pure inadvertence and mistake. It was inserted after the first cause of action had been completely terminated and during the trial of the second cause of action. Furthermore, there is no showing appellant was in anywise misled thereby. R. S. 60-753 provides:

"No variance between the allegations, in a pleading, and the proof is to be deemed material, unless it have actually misled the adverse party, to his prejudice, in maintaining his action or defense upon the merits. Whenever it is alleged that a party has been so misled, that fact must be proved to the satisfaction of the court, and it must also be shown in what respect he has been misled, and thereupon the court may order the pleading to be amended upon such terms as may be just."

Leave to make the amendment rested in the sound discretion of the trial court. (R. S. 60-754, 60-759.)

Special question number nine submitted and answered by the jury was:

"Was the criminal case against the plaintiff in the district court dismissed at the request of the plaintiff, or his attorney, Mr. Fulton? A. Mr. Fulton."

Appellant contends this was an improper question and the answer should have been stricken in response to his motion, for the reasons it was not an issue in the case, did not tend to prove any issue, and no authorization of his attorney was proven to request a dismissal of the criminal action. It was upon this answer the trial court sustained defendant's motion for judgment. The question was a proper one. We have examined the record and find there was abundant evidence to show appellant's attorney was authorized to procure a dismissal.

Appellant urges the case was dismissed on motion of the county attorney. True, the record disclosed that fact. He was the proper official to file such motion. The county attorney did so, however, only after numerous conferences and sympathetic appeals on the part of appellant's attorney. Appellant asked his attorney to keep him advised concerning the result of his efforts and his attorney did so. After the dismissal defendant was informed of the result by telephone and expressed his joy over the outcome.

Counsel who represented appellant in the criminal case testified in this case he had ten or twelve conversations with the county attorney, Mr. Logan, concerning the dismissal of the criminal case. He stated:

"I told Mr. Logan, for instance, it was a $6 case. Started as a felony and was a $6 case, and I questioned whether Mr. Green was guilty and hardly merited prosecution. I told him about Mr. Green's past record here in Topeka and different places he was employed, different responsible positions he had had, as he related it to me. I am quite sure I did relate Mr. Green's financial condition as it grew worse from time to time; about their water being shut off and lights being shut off and a boy in school and the ends and aims of justice would be served if the case was dismissed against Mr. Green, and I understood it was the first time he had ever been in any trouble or suspected of trouble, and as I told here this morning *I prevailed on him ten or twelve times to dismiss the lawsuit* and I think I told Mr. Green what I told Mr. Logan—what I told about his financial condition. I know Mrs. Green was at last taking in washing and they cut off the water so she couldn't even wash and I told Mr. Logan about that." (Italics inserted.)

Appellant's attorney in the criminal case testified he kept appellant advised of these efforts. Clearly these numerous efforts to secure a dismissal were with the knowledge, consent and approval of appellant. That is what he desired and he expressed his joy when it was accomplished.

Appellant contends the mere dismissal of a criminal action is a sufficient termination of such action to form the basis of an action for malicious prosecution. In support of this contention we are referred to *Marbourg v. Smith,* 11 Kan. 554; *Kelley v. Sage,* 12 Kan. 109; *Investment Co. v. Burdick,* 67 Kan. 329, 72 Pac. 781; *Tire Co. v. Kirk,* 102 Kan. 418, 170 Pac. 811; *Walker v. Smay,* 108 Kan. 496, 196 Pac. 231. True, it is not always a necessary condition precedent to an action for malicious prosecution that there should have been a trial upon the merits and an acquittal. It does not follow, however, that where the dismissal of a criminal action is procured through the efforts of the defendant or his attorney, with the consent and approval of defendant, that an action for criminal prosecution will lie, and the above cases do not hold that it will lie.

The trial court withdrew from the jury the defense of settlement for the reason the evidence did not sustain such defense. This, however, did not eliminate the question of who procured the dismissal of the criminal action. The jury resolved that question against the plaintiff. The general rule seems to be well established that where the termination of a criminal prosecution has been procured by the

party prosecuted, an action for malicious prosecution cannot be maintained. (*Craig v. Ginn*, 18 Dela. 117, 48 Atl. 192, 52 L. R. A. 715; *Campbell v. Bank & Trust Co.*, 30 Idaho, 552, 156 Pac. 258; *First State Bank v. Denton*, 82 Okla. 137, 198 Pac. 875; *Lumber Co. v. Graham*, 74 Colo. 149, 219 Pac. 777; *Langford v. Boston & Albany Railroad Co.*, 144 Mass. 431, 11 N. E. 697; *Singer Sewing Mach. Co. v. Dyer*, 156 Ky. 156, 160 S. W. 917; *Welch v. Cheek*, [S. C.] 34 S. E. 531; *Waters v. Winn*, 142 Ga. 138, 82 S. E. 537; *Baumgarten v. Mathieu*, 39 S. D. 584, 165 N. W. 989; *Wickstrom v. Swanson*, 107 Minn. 482, 120 N. W. 1090; *Nelson v. National Casualty Co.*, 179 Minn. 53, 228 N. W. 437, 67 A. L. R. 515.)

Of course, the same principle prevails where the dismissal is procured by the attorney of accused with the latter's knowledge, consent and approval.

Appellant contends instruction number five is somewhat erroneous. Our attention is directed to no particular in which it is faulty, and we observe none.

The judgment is affirmed.