MARGARET RITCHIE *vs.* DAVID J. BOYNTON.

A recovery can be had for the price of milk sold in milk cans not sealed as required by St. 1870, c. 218, if the sealer of weights and measures has not been refused permission to test the cans, and if they have not been by him condemned.

CONTRACT to recover for thirty-seven and one half gallons of milk sold and delivered to the defendant at various times from October 1 to October 12, 1872.

At the trial in the Superior Court, before *Wilkinson, J.,* it was admitted that the plaintiff was entitled to recover, unless she was prevented by the fact that the measures (which were the defendant's own milk cans) used by her for the sale of the milk had never been adjusted, sealed or recorded by the sealer of weights and measures in the town in which the plaintiff and the defendant both resided and had their usual place of business, and in which the milk was sold. The defendant requested the court to rule that this constituted a defence, but the court declined so to rule, and ordered a verdict for the plaintiff; and the defendant alleged exceptions.

*H. N. Sheldon,* for the defendant.
*J. Rutter,* for the plaintiff.

ENDICOTT, J. By St. 1867, c. 204, all acts requiring milk cans to be sealed were repealed. The acts thus repealed not only required cans to be sealed, but attached penalties to the violation of such requirement. Gen. Sts. c. 49, §§ 150, 151. Sts. 1863, c. 140, § 1; 1864, c. 122, §§ 2–4. There was then no act requiring sealing of milk cans until the St. 1870, c. 218, which differs materially in its provisions from the statutes repealed by St. 1867, c. 204. The first section provides that all persons using scales, weights, measures or milk cans, for the sale of commodities, shall have them sealed by the proper sealer of weights and measures, and shall have the right to have them so sealed whenever they desire. By § 4, whenever a complaint under oath is made to the sealer of weights and measures by any person, that he has reason to believe any weights or measures used for such sale are incorrect, the sealer shall examine and test the same, and, if found to be incorrect, shall attach a notice forbidding their use; and any person using any weights or measures after the sealer has demanded permission to test the same and been refused, shall be liable to the same penalties as if he had knowingly used false weights and measures. And a like penalty is imposed by § 5 on any person using weights and measures stamped " condemned " by the sealer. No other penalties are provided in this statute; and these are confined to the use of cans stamped "condemned," and those which the sealer has been refused permission to test. The cans used by the plaintiff do not come within either description, and the sale of milk in them was not illegal merely because the cans were not sealed.

The sale of milk in cans not sealed is not in terms prohibited by the statute, nor is there any mode pointed out in which the contract should be made, which, if not followed, would amount to a prohibition, nor is there any penalty imposed which makes void the sale, for a penalty implies a prohibition.

The cases cited by the defendant (*Miller* v. *Post*, 1 Allen, 434 *Libby* v. *Downey*, 5 Allen, 299; *Smith* v. *Arnold*, 106 Mass. 269) are not applicable to the present statute. In all these cases, a penalty being attached to the use of weights and measures not sealed, the person using them could not legally sell.

*Exceptions overruled.*