JOHN K. SARTWELL *vs.* WILLIAM H. PARKER.

Suffolk.    Nov. 13, 1885. — March 31, 1886.    DEVENS & GARDNER, JJ., absent.

Two actions, one brought by A. against B., and the other by B. against A., and which were pending at the same time, were included in one settlement by the parties, by which A. paid to B. the difference between a portion of the sum sued for by B. and the amount sought to be recovered by A.; and judgment was entered for B. in the action against him. *Held,* that B. could not maintain an action against A. for malicious prosecution in instituting that action.

W. ALLEN, J.    The defendant gave his promissory note to the plaintiff, payable to his own order, and indorsed by him. The plaintiff negotiated the note, and received and retained the money procured upon it. When the note became due, the defendant paid it, and afterwards sued the plaintiff to recover from

him the money paid to take up the note, joining with a count for money had and received a count in tort for the conversion of the note. This action is brought for malicious prosecution in instituting that suit. The plaintiff must prove that it was commenced without probable cause, and, as essential to that, that the prosecution has terminated in the plaintiff's favor. The evidence for the plaintiff tended to show that the note was given upon the consideration that the plaintiff would sign a certain composition paper, releasing his debt against a third person. The evidence for the defendant tended to prove that the note was delivered on condition that it should not be used, but should be returned, if the settlement with the debtor was not effected; and that, in fact, the settlement was not carried out, and the composition paper never became operative. After the giving of the note, and after the composition deed had been abandoned, and the debtor had gone into insolvency, the plaintiff became satisfied—for reasons not material to this inquiry—that the defendant was liable for the debts of the insolvent debtor, and brought an action against the defendant to recover the amount due from the insolvent debtor to the plaintiff, as well as a sum due from the defendant to the plaintiff. The two suits were pending at the same time, and were included in one settlement by the parties, by which the defendant paid to the plaintiff the whole amount of the defendant's own debt, and one half of the amount due from the insolvent debtor, less the amount claimed by the defendant in his suit against the plaintiff; and in that suit judgment was entered for the defendant, — the plaintiff in this suit. These facts were not contested. It thus appears that the plaintiff settled the suit, which he must prove was commenced without probable cause, by allowing all that was claimed in it. A party who terminates a suit by paying what is demanded in it, by being charged with it as an item in account, cannot be admitted to say that the action was commenced without probable cause.

The question whether want of probable cause appears is solely for the court, except so far as it depends upon disputed facts, which must be determined by the jury. In this case, the facts claimed by the plaintiff, with the undisputed facts, do not show want of probable cause, and will not sustain a verdict for the

plaintiff; and the court properly ordered a verdict for the defendant. *Stone* v. *Crocker*, 24 Pick. 81.

*Exceptions overruled.*

*P. J. Doherty*, for the plaintiff.

*J. P. Jones & B. B. Jones*, (*C. J. Noyes* with them,) for the defendant.