ISAIAH RUSSELL *vs.* NELSON MORGAN *et al.*

PROVIDENCE—APRIL 25, 1902.

PRESENT: Stiness, C. J., Tillinghast and Rogers, JJ.

(1) *Malicious Prosecution. Discontinuance of Criminal Complaint.*

Where a discontinuance of a criminal complaint is entered with the consent of the party prosecuted, such party cannot have an action for malicious prosecution.

(2) *Evidence. Varying Written Instrument.*

In an action for malicious prosecution the plaintiff will not be allowed to show that an agreement for the discontinuance of the original action was not procured by him, but was procured by the complainants in the criminal proceedings who were the defendants in the case at bar, and that the plaintiff simply assented to the discontinuance, as such proof would tend to contradict the written agreement by parol.

TRESPASS ON THE CASE for malicious prosecution. Heard on petition of plaintiff for new trial, and petition denied.

TILLINGHAST, J. This is an action of trespass on the case for malicious prosecution.

The declaration alleges that the defendants falsely and maliciously and without any probable cause procured the plaintiff to be arrested on a charge of willfully interrupting and disturbing a lawful meeting which was held in the Congdon

Street Baptist Church, on July 31st, 1900, by shouting, talk-ing in a loud voice, and by boisterous, disorderly, and un-seemly conduct and behavior. The declaration further al-leges that after said arrest the plaintiff was arraigned in the District Court of the Sixth Judicial District ; that he pleaded not guilty ; that the case was continued to August 17, 1900, and that thereafterwards, on August 22, 1900, it was dis-continued.

(1)    At the trial of the case in the Common Pleas Division, the plaintiff produced the record of the meeting of said church held on the evening of July 31st, 1900, at which meeting the alleged disturbance took place, and he also produced the record of the case brought against him by the defendants in the District Court. That part of the proceedings which is material to the question before us was produced by the clerk of said District Court and appears in connection with certain questions which were asked of him, namely :  " Q. Will you read the record of the case ?  A. The respondent was brought before the District Court of the Sixth Judicial District on August 9th, 1900, and there arraigned. He pleaded 'not guilty' and the case was continued for trial until August 17th, 1900. The case was then further continued to August 22nd, 1900. August 22nd, 1900, the case was discontinued. On August 9th, 1900, the defendant gave bail with Archi-bald Marshall as bond and several sureties in the sum of $200 for his appearance before the District Court of the Sixth Judicial District for trial.  Q. Read the discontinuance.  A. The discontinuance entered in the case of Nelson Morgan against Isaiah Russell was entered by virtue of a writing and agreement entered into by the parties in this case as well as in ten other cases which were brought in connection with the subject-matter of this complaint.  That agreement which applies to eleven cases and eleven complaints and war-rants and was filed August 22nd, 1900, in the District Court, reads as follows :  'State of Rhode Island, Providence, Sc., District Court of the Sixth Judicial District. It is hereby stipulated and agreed that in the several cases now pending in the Sixth District Court, wherein Nelson Morgan is com-

plainant in behalf of the State, against the following-named defendants, viz.: William M. Green, Ernest R. Meadows, Charles H. Davis, Richard Davis, Isaiah Russell, George Russell, Milton H. Phillips, John H. Fleming, Addie Jones, Annie B. Meadows and Eliza Crocker, under the charge of disturbing a meeting of the Congdon Street Baptist Church, on the 31st day of July, 1900, may be entered discontinued. Dated Providence, R. I., August 21st, 1900.'

> " ' (Signed)    EDMUND S. HOPKINS, Comp'ts Atty.
> " ' PAGE & CUSHING, Attys. for Resps.
> above named.' "

In view of this record of the discontinuance of said complaints and warrants, the trial court, upon motion of defendants' attorney, directed a verdict for the defendants ; and the case is now before us on the plaintiff's petition for a new trial on the ground that this ruling was erroneous.

(2)    The plaintiff's contention in the trial court was, and now is, that said discontinuance was not brought about by him, but that he simply acquiesced therein.    And to show that such was the case, he offered to prove at the trial that said discontinuance was not procured by him, but was procured by the complainants in said criminal proceedings who are the defendants in this case, and that the plaintiff simply assented to the entry of discontinuance.

We do not think the plaintiff had any right to prove that he merely acquiesced in said agreement for discontinuance, as such proof would have tended to vary and contradict the same.    And that an agreement in writing cannot be varied by parol evidence is familar law.

Taking said agreement as it reads, the fair and natural meaning thereof is that the parties thereto had mutually consented that the cases referred to therein should be dropped and ended.    And there is as much to show that the plaintiff was an active party in the premises as were the defendants. It is fair to infer therefrom that, after the heat and passion engendered at the public meeting in the church where the alleged offence was committed had subsided, the parties in-

volved came to the conclusion either that there was fault on
both sides, or that in any event it was not wise for certain
members of the church to parade the shortcomings of some
of their brethren in public, and hence that they concluded to
do the very sensible thing of settling their differences in the
manner indicated in the agreement.    In short, it is reason-
able to infer that a compromise of some sort was effected be-
tween the parties, whereby the criminal proceedings which
had been instituted were to be abandoned.    And, this being
so, to now allow the plaintiff to maintain his action would
be, in effect, to permit him to violate his written agreement
after accepting the benefit arising therefrom.

The case of *Langford* v. *B. & A. Ry. Co.*, 144 Mass. 431,
relied on by counsel for defendants, is clearly in point.    There
it was held that "where a *nolle prosequi* is entered by the
procurement of the party prosecuted, *or by his consent, or
by way of compromise*, such party cannot have an action for
malicious prosecution."    See also *Parker* v. *Farley*, 10 Cush.
279.

We are therefore of the opinion that the action of the trial
court in directing a verdict for the defendants was correct
and should be sustained.

Petition for new trial denied, and case remitted with direc-
tion to enter judgment on the verdict.

*Page & Page and Cushing*, for plaintiff.
*George T. Brown*, for defendants.