## Singer Sewing Machine Company v. Dyer.

(Decided November 28, 1913).

### Appeal from Magoffin Circuit Court.

1. Malicious Prosecution—Evidence.—In an action for malicious prosecution, evidence as to the wealth of the defendant is not admissible. Argument of counsel based on such evidence should be excluded.

2. Malicious Prosecution—Advice of Counsel—Probable Cause.—The defendant's agent having consulted an attorney to obtain his advice as to whether the prosecution should be instituted and having given the attorney the written contract under which the rights of the parties were determined to obtain his advice thereon the advice of the attorney is probable cause, although the attorney without the agent's knowledge, advised the institution of the prosecution, without reading the writing, and also misnamed the offense which he intended to prosecute.

3. Mortgages—Title—Liens.—A mortgage stipulating that the title should remain in the vendor of personal property, and that the vendor might take posession at any any time, if any installment of the purchase money was not paid, passes the title to the vendee, and only gives a lien on the property, under the statutes of Kentucky.

4. Malicious Prosecution—Pleading.—A criminal prosecution having been dismissed under an agreement or compromise between the parties, no action for malicious prosecution can be maintained, but this is an affirmative defense which should be pleaded in the answer.

5. Malicious Prosecution—Gist of the Action.—The gist of the action is the procuring of the warrant maliciously and without probable cause, and this must be averred in the petition.

6. Malicious Prosecution—Malice—Probable Cause.—Malice may be inferred from the want of probable cause, but this rests in the discretion of the jury. Malice means any wrongful or improper motive in instituting the prosecution.

FRANK V. BENTON, W. R. PRATER for appellant.

O'REAR & WILLIAMS and JOHN H. GARDNER for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Reversing.

Mary Dyer bought a sewing machine from the Singer Sewing Machine Company, and executed to it a mortgage to secure the price, the mortgage containing the usual provision in such instruments that the title should remain in the vendor until the price was paid, and if any installment of the price was not paid, the whole should become due, and the vendor might take possession of the property.

A. M. Wheeler, the agent of the company, in June, 1911, called on Mrs. Dyer to collect some of the price, which he claimed was unpaid. Mrs. Dyer did not pay him, and he then saw the machine in the room where they were. He returned to the county seat, and brought a suit in the quarterly court to recover the balance due on the machine, and took out a specific attachment, which he placed in the hands of the sheriff. The sheriff went to Mrs. Dyer's house to get the machine under the attachment, but when he got there, the machine could not be found, and Mrs. Dyer said she did not know where it was. Wheeler then consulted with the county attorney, who drew up an affidavit which Wheeler signed, stating that he had reasonable grounds for believing, and did believe that she had been guilty of the crime of embezzlement, by unlawfully and fraudulently converting to her own use the property of another of the value of $20. The affidavit was filed before the police judge, who issued a warrant against Mrs. Dyer for the offense. The sheriff took the warrant and went out to her house. She agreed to come in the next day, and he took no bond of her. The next morning she appeared before the police judge and some days afterwards the prosecution was dismissed. She then brought this suit against the Singer Sewing Machine Company and A. M. Wheeler, to recover

damages for malicious prosecution. The defendants filed an answer denying malice and pleading that they had probable cause. After the answer was filed, the plaintiff dismissed her action as to Wheeler, and the case coming on for trial as to the Sewing Machine Company there was a verdict and judgment in her favor for $5,000. The Sewing Machine Company appeals.

The court allowed the plaintiff on the trial of the case to introduce evidence showing the wealth of the defendant, and the amount of its sales in Kentucky. This was done over the objection of defendant, and over its objection, plaintiff's counsel was allowed in the closing argument to the jury, to dwell upon this evidence as a reason for a large verdict. In Givens v. Berkley, 108 Ky., 236, evidence as to the wealth of the defendant was held inadmissible, and in that opinion the previous cases on the subject are considered. This case was followed in Beavers v. Bowen, 24 R., 882, and Shields' Admr. v. Rowland, 151 Ky., 822. The circuit court should have excluded all the evidence as to the wealth of the defendant, and should also have excluded the argument that was based upon it.

There is little dispute as to the facts of the case. Wheeler, when he went to the county attorney, told him the facts accurately, except that he called the specific attachment an order of delivery, but that was not material as the specific attachment had the same effect as an order of delivery for practical purposes in this case. It is true he told the attorney that the sewing machine was the property of the company, but he gave him a copy of the mortgage, and asked him to read it so he would know precisely the rights of the parties. He then left the county attorney, and consulted two other attorneys, one of whom told him he could safely take the judgment of the county attorney, and the other one told him that he would be fully warranted in instituting the prosecution. He then returned to the county attorney. The attorney had not read the mortgage in Wheeler's absence, but he did not disclose this to Wheeler, and simply told him he would be warranted in instituting the prosecution, relying on section 1358a, Kentucky Statutes, which reads as follows:

"That any person who shall sell, dispose of, or convert to his or her own use, or the use of another, and money, property, or other thing of value without the consent of the owner thereof, shall be punished by con-

finement in the penitentiary for not less than one nor more than five years, if the money, property or other thing of value so sold, disposed of, or converted to his or her own use be of the value of twenty dollars or more; or be confined in the county jail for not less than one nor more than twelve months if the value be less than twenty dollars.''

There was no dispute in the case that the sewing machine was of the value of more than $20; and there were reasonable grounds to believe that Mrs. Dyer had disposed of the machine. The statute, therefore, would apply, if the machine was the property of the Sewing Machine Company, as the mortgage provides it should be. Formerly, the law in this State was that such an instrument was valid and enforceable according to its terms. Swigert v. Thomas, 7 Dana, 226; Spaulding v. Scanland, 4 B. M., 365; Brown v. Phillips, 3 Bush, 658. These cases were recognized as the law as late as Parks v. Parks, 9 R., 346, decided February 2, 1887. But in the later cases, such instruments are held merely to give the vendor a lien for the price, to be enforced by action. Gaar, Scott & Co. v. Lyon, 99 Ky., 672; Wonder Blue Gem Coal Co. v. Louisville Property Company, 137 Ky., 339; Aultman, Taylor & Co. v. Meade, 121 Ky., 241. The attorneys seem to have had in mind the rule laid down in the earlier cases, and to have misadvised Wheeler, but there was no substantial misstatement of the facts by him. The attorneys had before them all the facts that Wheeler had, and in matters of this sort, a man must of necessity rely on the judgment of his lawyer. It is true the county attorney called the offense embezzlement, when it should have been designated as the statutory offense of fraudulent conversion of property without the consent of the owner, but this misdescription of the offense was also the act of the attorney, and was not material, for on the trial the magistrate could at any time have corrected the warrant, and held the defendant over for the statutory offense. Both were felonies. His error consisted in simply giving the offense a wrong name. The attorney was aiming in fact to proceed under the statute. The evidence by Wheeler and the attorneys is entirely uncontradicted, and on this testimony, we conclude that Wheeler exercised such care as a man of ordinary prudence may be usually expected to take; and that on the evidence, the court should have

instructed the jury peremptorily to find for the defendant.

The defendant showed on the trial that what happened was this. After Mrs. Dyer came in and entered her appearance in the police court, it was agreed between her attorney and the county attorney that she should execute a forthcoming bond for the forthcoming of the machine in the quarterly court, and that when this was done, the county attorney would dismiss the prosecution against her. She executed the forthcoming bond, and thereupon the prosecution was dismissed by the county attorney. These facts were proved by the defendant on the trial, but were ignored by the court, possibly because the defense was not pleaded. There was nothing in the answer to put the plaintiff on notice of this defense. It was new matter that should have been pleaded in the answer, but the facts, if established, constitute a defense to the action. In Craig v. Ginn, 94 Am. St. Rep., 77, a prosecution for obtaining money by false pretenses, had been instituted, and had been terminated by compromise, in which the defendant had restored the property. The defendant then brought suit for malicious prosecution, and it was held that the action could not be maintained. The court, after stating the rule that such action cannot be maintained until the prosecution is terminated in plaintiff's favor, said:

"Such termination may be caused by the entry of a *nolle prosequi* or in some other way; and it is unquestionably the law that a voluntary abandonment of the case by the party who made the complaint is such a termination. But the rule seems to be well settled that where the termination has been brought about by the procurement of the party presented, or by compromise and agreement of the parties, an action for malicious prosecution cannot be maintained. McCormick v. Sisson, 7 Cow., 715; Welch v. Cheek, 115 N. C., 311, 20 S. E., 460; Langford v. Boston, 114 Mass., 431, 11 N. E., 697; Marcus v. Brunstein, 117 N. C., 31, 23 S. E., 38; Atwood v. Bierne, 73 Hun., 547, 26 N. Y. Supp., 149; Clark v. Cleveland, 6 Hill, 344; Gallagher v. Stoddard, 47 Hun., 101; Wilkinson v. Howell, 1 Moody & M., 495; Brown v. Randall, 36 Conn., 56, 4 Am. Rep., 35; Sartwell v. Parker, 141 Mass., 405, 5 N. E., 807; Fadner v. Filer, 27 Ill. App., 506."

See also Lemprey v. Hood, 73 N. H., 384; 19 A. & E., Encyc. of Law, 685; 26 Cyc., 59. On the return of the

case, the circuit court will allow the defendant to amend its answer, if it desires to do so.

The plaintiff in her petition charged that the affidavit was made maliciously and without probable cause, but it did not charge that the defendant maliciously and without probable cause procured the issual of the warrant. This is the gist of the action. The defendant's demurrer to the petition should, therefore, have been sustained. The traverse in the answer is insufficient, but the affirmative allegations of the answer, setting up want of malice and probable cause are sufficient to constitute a defense to the action.

Malice may be inferred by the jury from the want of probable cause, but this is an inference that the jury may or may not make in their discretion. The existence of malice is a question for the jury on all the evidence. Instruction No. 3 1-2 did not properly present this idea to the jury, and no definition of malice was given. Malice in actions for malicious prosecution, means any evil or unlawful purpose as distinguished from that of promoting justice. Ahrens & Ott Mfg. Co. v. Hoeher, 106 Ky., 692.

Judgment reversed and case remanded for further proceedings consistent herewith.