SANER, RESPONDENT, *v.* BOWKER, APPELLANT.

(No. 5,371.)

(Submitted January 9, 1924.   Decided January 29, 1924.)

[222 Pac. 1056.]

*Malicious Prosecution—Complaint—Sufficiency—Defense—Settlement of Criminal Charge—Effect on Action—Instructions —Appeal and Error.*

Malicious Prosecution—Termination of Criminal Prosecution Favorable to Plaintiff—Complaint—Sufficiency.
   1.  In an action for malicious prosecution plaintiff's allegation that he had been released from custody at the request of the defendant, and discharged by the justice of the peace before whom complaint was made, and that since that time defendant had not prosecuted the complaint, but that the complaint had been dismissed and "the said action against plaintiff finally terminated," was sufficient to disclose that the action was terminated in plaintiff's favor.

Same—Defenses—Settlement of Criminal Charge.
   2.  Where one charged with an offense which, under section 12220, Revised Codes of 1921, may lawfully be compromised, voluntarily pays the amount involved in the criminal case for the purpose of settlement and the charge is withdrawn or dismissed, the payment is a tacit admission that there was probable cause for instituting the criminal proceeding, and an action for malicious prosecution thereafter does not lie.

Appeal—Instructions Given at Request of Appellant—Nonprejudice.
   3.  Of an erroneous instruction given at the request of appellant he cannot complain.

Malicious Prosecution—Settlement of Criminal Charge—Defense—When not Available.
   4.  Where plaintiff in an action for malicious prosecution had settled the criminal charge preferred against him by payment of the claim made the basis of the charge, and the court at the request of defendant modified its instruction that if settlement had been made the plaintiff could not recover, by adding the clause "provided you believe from a preponderance of the evidence that defendant acted in good faith and with probable cause," thus rendering the instruction self-contradictory and erroneous but binding upon the jury, the verdict in favor of plaintiff will not be disturbed if the evidence warranted a finding of a want of probable cause.

Same—Want of Probable Cause—Evidence—Sufficiency.
   5.  Evidence that plaintiff, charged with defrauding a hotel-keeper, had an agreement with the latter for credit, and that upon return of a dishonored check issued by him he offered to pay the amount of it but was advised by defendant that he had charged the amount

   2.  Discontinuance as evidence of want of probable cause in action for malicious prosecution, see note in 24 A. L. R. 280.

to his account, *held* sufficient to show that the jury was warranted in finding that defendant in having plaintiff thereafter arrested, acted without probable cause.

*Appeal from District Court, Silver Bow County; Joseph R. Jackson, Judge.*

ACTION by Fred Saner against D. W. Bowker. Judgment for plaintiff and defendant appeals. Affirmed.

*Messrs. O'Leary & Doyle,* for Appellant, submitted a brief; *Mr. W. F. O'Leary* argued the cause orally.

A voluntary compromise of the criminal action by the defendant therein is a bar to an action for malicious prosecution. (*First State Bank* v. *Denton,* 82 Okl. 137, 198 Pac. 874, and cases cited therein; *Campbell* v. *Bank & Trust Co.,* 30 Idaho, 552, 166 Pac. 258; *Hurgen* v. *Union Mutual Ins. Co.,* 141 Cal. 591, 75 Pac. 168; *Glidwell* v. *Murray-Lacy Co.,* 124 Va. 563, 4 A. L. R. 225, 98 S. E. 665; *Morton* v. *Young,* 55 Me. 24, 92 Am. Dec. 565; *Waters* v. *Winn et al.,* 142 Ga. 138, Ann. Cas. 1915D, 1248 and note, L. R. A. 1915A, 601, 82 S. E. 537.) The question as to what constitutes duress or an involuntary settlement in cases of this kind, therefore, naturally arises and from an examination of the authorities the following rules are deducible: First: The defendant in the criminal action must by some act of force or duress, except his mere arrest and the consequences following the same be compelled or induced to make the settlement. Second: He must have denied and protested against his liability at the time the compromise is effected. Third: He must have been by reason of such force or duress compelled to pay an indebtedness which he did not owe. And fourth: There must have been an abuse of the process under which the defendant in the criminal action was arrested and he must have been subjected to some oppression or indignity except such as was incident to an orderly arrest under due and regular process.

*Messrs. Lamb & Malloy,* for Respondent, submitted a brief; *Mr. Dan T. Malloy* argued the cause orally.

In support of his contention that the evidence is insufficient to support the judgment, appellant states the rule to be that where termination of the prosecution of the criminal action has been brought about by the procurement of the defendant or by a compromise or agreement of the parties, an action for malicious prosecution cannot be maintained. We understand that to be correct as an abstract statement of a rule of law. However, it has no application here for the reason that the pleadings as framed and the evidence introduced raised the clear-cut issue as to whether or not the money paid by respondent was paid under duress and involuntarily, or made freely without oppression and with the object of terminating the criminal prosecution.

The theory upon which the case was tried and upon which it was submitted to the jury comes well within the exception to the rule relied upon by the appellant, stated in the leading case of *White* v. *International Text-Book Co.,* 156 Iowa, 210, 42 L. R. A. (n. s.), 346, 136 N. W. 121, where the rule is stated to be that where the defendant in the criminal action is compelled through fraud or duress to pay money to secure his liberty, there being no prosecution of the criminal action and the same being dismissed, payment made under such circumstances is not voluntary and the defendant in the criminal action may maintain an action for malicious prosecution. The case of *First State Bank* v. *Denton,* 82 Okl. 137, 198 Pac. 874, cited by appellant, recognizes the above exception to the rule stated by appellant. The verdict of the jury established the fact of payment under duress and protest and want of probable cause. (*Smith* v. *Markensohn,* 29 R. I. 55, 69 Atl. 311.)

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

So far as material here, the facts surrounding this controversy may be stated briefly as follows: On January 1, 1922,

plaintiff was indebted to defendant, Bowker, an innkeeper, in the sum of $128.95 for board and rooms furnished by Bowker at his hotel. Bowker had also cashed a check drawn by Saner for $10, which check was returned not paid for want of funds. Bowker verified a complaint before a justice of the peace, charging Saner with issuing a check "without sufficient funds" and with "defrauding an innkeeper." Apparently the two crimes were charged in one complaint. A warrant was issued and Saner was arrested, but he paid to the officer the full amount of Bowker's claim—$138.95—together with the costs, and was released, and the criminal proceeding was dismissed. Later this action was commenced by Saner to recover damages for malicious prosecution. Issues were joined and the cause was tried, resulting in a verdict for plaintiff, and defendant appealed from the judgment entered thereon, after his motion for a new trial had been denied.

1. It is argued that the complaint fails to state that the [1]  criminal action was terminated in plaintiff's favor. It is alleged that plaintiff "was released at the request of defendant, and thereupon the plaintiff was discharged by said justice, since which time the defendant has not prosecuted said complaint, but said complaint has been dismissed, and the said action against plaintiff finally terminated." This is sufficient under practically all of the authorities. (18 R. C. L., p. 23, sec. 12; 26 Cyc. 58.)

2. The criminal action was one which might be compromised [2]  (sec. 12220, Rev. Codes 1921), and it is the general rule that where a defendant, charged with a crime which may be compromised lawfully, voluntarily pays the amount involved in the criminal case for the purpose of settlement, and the charge is withdrawn or dismissed in consequence thereof, the payment is a tacit admission that there was probable cause for instituting the proceeding; hence an action for malicious prosecution will not lie. (*Morton* v. *Young*, 55 Me. 24, 92 Am. Dec. 565; *Sartwell* v. *Parker*, 141 Mass. 405, 5 N. E. 807; *Wickerstrom* v. *Swanson*, 107 Minn. 482, 120 N. W. 1090;

[69 Mont. 463.]

*Singer Sewing Machine Co.* v. *Dyer,* 156 Ky. 156, 160 S. W. 917; *Gallagher* v. *Stoddard,* 47 Hun (N. Y.), 101; *Emery* v. *Ginnan,* 24 Ill. App. 65; *Waters* v. *Winn,* 142 Ga. 138, Ann. Cas. 1915D, 1248, L. R. A. 1915A, 601, 82 S. E. 537; *Campbell* v. *Bank & T. Co.,* 30 Idaho, 552, 166 Pac. 258; *First State Bank* v. *Denton,* 82 Okl. 137, 198 Pac. 874; *White* v. *International Text-Book Co.,* 156 Iowa, 210, 42 L. R. A. (n. s.) 346, 136 N. W. 121; *Baxter* v. *Gordon Ironsides Co.,* 13 Ont. L. R. 598; 7 Am. & Eng. Ann. Cas. 452; *Russell* v. *Morgan,* 24 R. I. 134, 52 Atl. 809; *Welch* v. *Cheek,* 125 N. C. 353, 34 S. E. 531; 18 R. C. L., p. 25, sec. 13.)

Viewing the evidence in the light most favorable to plaintiff, [3, 4] it would appear that, if the rule stated above had been observed upon the trial of this case, a different result would have been reached. The rule was not observed, however, for at the request of the defendant the court in its instruction No. 11 stated the rule substantially as given above, but added thereto the following: "Provided you believe from a preponderance of all of the evidence that the defendant herein acted in good faith and with probable cause." In other words, this instruction submitted to the jury the question of want of probable cause, notwithstanding plaintiff had voluntarily settled the criminal case. The instruction is self-contradictory and erroneous, but the jury was bound by it, and defendant, who caused it to be given, cannot complain.

Under the theory of the case as thus presented to the jury, [5] a finding of want of probable cause might be justified. Plaintiff testified that he had an agreement with the defendant for credit at the hotel, and, if the jury believed this testimony, the offense—defrauding an innkeeper—could not have been committed (secs. 7684 and 11579, Rev. Codes 1921), and defendant could not have had probable cause, or any cause, for believing that Saner was guilty. Plaintiff testified further that, when the check was returned dishonored, he offered to pay Bowker the amount of it, but Bowker replied that the amount had already been charged to Saner's account, and the

fact that the amount is included in a bill submitted by Bowker to Saner before the criminal proceeding was instituted lends support to the testimony. Under these circumstances, the trial court did not err in refusing a new trial.

The judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES COOPER, GALEN and STARK concur.