139 P.2d 594

**MARCHBANKS v. YOUNG.**

**No. 4772.**

Supreme Court of New Mexico.

June 30, 1943.

E. E. Young, of Roswell, for appellant.

G. L. Reese, Sr., of Roswell, for appellee.

THREET, Justice.

This action for malicious prosecution grows out of the criminal action instituted by the appellee against the appellant in the justice of the peace court of Precinct No. 1, Curry County, New Mexico.

Appellant filed his complaint in the court below praying judgment for actual and punitive damages in the sum of $5,114.05 and cost of suit. Appellee interposed his motion to make said complaint more definite and certain, and appellant filed a pleading in said cause entitled "Reply to Motion to make more definite and certain", whereupon the parties, through their respective attorneys, stipulated that the trial court might consider appellee's motion to make the complaint more definite and certain, as a request for a bill of particulars, and appellant's reply thereto as a bill of particulars. This the trial court did, and it will be so considered here. Upon the filing of the bill of particulars, the same became part of the pleading in the cause. Rule 12, Sec. E, Rule of Civil Procedure, being Sec. 19-101, Vol. 2, N.M.Statutes 1941 Annotated.

To the complaint, as supplemented by the bill of particulars, appellee interposed his motion to dismiss, testing the sufficiency of said complaint, as supplemented by the bill of particulars, as stating facts sufficient to constitute a cause of action for malicious prosecution.

The trial court sustained appellee's motion and dismissed appellant's complaint. Whereupon appellant appeals to this court, complaining that the trial court erred in sustaining said motion.

Three points are presented for our consideration:

1. Want of probable cause in bringing the criminal action.

2. A termination of the criminal case favorable to appellant to serve as a basis of this suit.

3. Whether the compromise settlement was sufficient to bar appellant's recovery.

The determination of either adversely to appellant would be fatal to his maintaining this cause of action. Points 2 and 3 may be considered together.

In order to test the correctness of the court's ruling in dismissing appellant's complaint, it will be necessary to consider these questions in the light of the facts pleaded.

For this purpose it will be necessary to state the facts briefly as shown in the complaint and bill of particulars.

It appears, from the facts pleaded, that appellant on October 21, 1940, drew a draft on one Cecil Pendergrass of Roswell, New Mexico, in the sum of $34.20 and delivered same to appellee. The draft or check was not honored by the said Pendergrass, and was not paid by said appellant up to the time of the bringing of the criminal action.

On the 10th day of June, 1942, appellee signed and filed a criminal complaint before W. E. McConnell, Justice of the Peace of Precinct No. 1, Curry County, New Mexico, charging said appellant with violating Sec. 41-2108, Vol. 3, New Mexico Statutes 1941 Annotated, making it unlawful to draw checks with insufficient funds. Appellant was arrested on the 13th day of June, 1942 and confined in the county jail of Chaves County for a short time and from there was transferred to the Curry County jail where he was detained until the 14th day of June, 1942, when he was released by the Justice of the Peace.

While said appellant was confined in the Curry County jail, he, through his father, arranged with the Justice of the Peace for his immediate release upon the payment of $59.05, which amount was made up by the following items: $34.20 amount of draft, principal and interest, and the costs of his prosecution.

Nowhere in the complaint and bill of particulars is it alleged that appellee was present at the time of the settlement, or knew of, or had anything to do with, the same. Neither does the complaint show that appellee made any promise to refrain from prosecuting appellant if the amount claimed to be due were paid, but the complaint does allege that upon the payment by appellant of said sum of $59.05 the criminal complaint was dismissed and appellant was released from custody.

Appellant maintains that the motive of appellee in bringing the criminal action was to force appellant to pay the amount of the draft, upon which the criminal action was based, and therefore no probable cause existed for so doing.

"Probable cause in actions for malicious prosecution is a question of law for the court." Meraz v. Valencia, 28 N.M. 174,

210 P. 225. Vincioni v. Phelps Dodge Corp., 35 N.M. 81, 290 P. 319.

"Probable cause is an honest belief on the part of the prosecutor in the guilt of the accused, based on reasonable grounds." Nelson v. National Casualty Co., 179 Minn. 53, 228 N.W. 437, 439, 67 A.L.R. 509.

"Malice in actions of this kind is understood to mean a wrong act done intentionally, without legal justification, and may be drawn from the lack of probable cause." Meraz v. Valencia, supra.

The trial court must necessarily have considered this phase of the case, in the light of the facts pleaded, in striking down appellant's complaint, and in so doing found that there was probable cause to bring the criminal action.

Appellant admits that he gave the check or draft and that same was not paid by him until after he was arrested, although considerable time elapsed between the giving of the check or draft, and appellant's arrest. He (appellant) had made no effort to pay and discharge said claim. However, after his arrest, appellant, through his father, made arrangements with the Justice of the Peace to compromise, pay and settle said claim and secured his release from custody.

Appellant was complained against, as stated above, for having violated Sec. 41-2108, Vol. 3, N.M.Statutes 1941 Annotated. Claims, the basis of a criminal action under this statute might be, and often are, compromised and settled out of court and the criminal action dismissed.

While we do not sanction this method of disposing of criminal cases, yet it would be a harsh rule to say that appellant, having issued a fraudulent check or draft, and after his arrest voluntarily compromises and pays same, thereby securing his release from custody, could then maintain a cause of action against appellee for malicious prosecution on the ground that no probable cause existed to cause his arrest, and especially where no coercion was used to bring about the settlement. "It is the general rule that where defendant, charged with a crime which may be compromised lawfully, voluntarily pays the amount involved in the criminal case for the purpose of settlement, and the charge is withdrawn or dismissed in consequence thereof, the payment is a tacit admission that there was probable cause for instituting the proceedings; hence an action for malicious prosecution will not lie. * * *" Saner v. Bowker, 69 Mont. 463, 222 P. 1056.

Appellant argues that appellee, having failed to give the notice provided for under Sec. 41-2110, Vol. 3, N.M.Statutes 1941 Annotated, had no legal right to have appellant arrested, and therefore there was a lack of probable cause. This statute governs the kind of evidence to be adduced by the state in the prosecution of a fraudulent check charge, and it was not incumbent upon the appellee to give the notice before filing his complaint.

In Vol. 3 of the Restatement of the Law of Torts, Sec. 669A, page 427, we find this language: "In an action for wrongful pros-

ecution of criminal proceedings the impropriety of the defendant's purpose becomes material only when lack of probable cause is proved."

"If probable cause exists, it is an absolute protection against an action for malicious prosecution, even when express malice is proved." 34 Am.Jur. Sec. 46, p. 731, and cases cited under foot Note 8 of said section.

█ The trial court having concluded, as we do here, that probable cause existed for the bringing of the criminal action, all other allegations of the complaint relative to appellee's motive in instituting the prosecution became immaterial.

In considering points 2 and 3, appellant concedes that, if the compromise pleaded was fairly and understandingly made, and without duress, then he is precluded from maintaining this cause of action.

█ The allegations of the complaint, are in substance, as follows: Appellant was placed in the jail at Clovis, New Mexico. He, through his father, made arrangements with the Justice of the Peace to pay off the check or draft, interest and court cost and secure his release from custody. He maintains that said compromise was brought about through duress, but we cannot so construe the facts pleaded in his complaint. It is true he was in custody at the time of payment, yet this was a bailable case, and it was a matter of judgment on his part, as to whether he would make bond and stand trial or, insofar as he lawfully might so do, settle the claim and pay the costs of his prosecution. Having elected, through his father, to pay off the claim together with costs of his prosecution and obtain a dismissal of the criminal charge, he is now precluded from saying that the compromise was not fairly and understandingly made, and that there was a final determination of the criminal case in his favor.

"It is a general rule that in an action for malicious prosecution or malicious arrest, the plaintiff must allege a termination in his favor of the prosecution or suit complained of." 34 Am. Jur. Sec. 114, p. 771.

There may be exceptions to this rule under facts different from those under consideration here.

"The entry of a nolle pros. without the procurement or consent of the defendant in a criminal case is a sufficient termination of the proceeding to support an action for malicious prosecution." Meraz v. Valencia, supra.

But no such state of facts exists here as in the Meraz v. Valencia case. Here the appellant was the active agent in bringing about the compromise and the dismissal of the criminal charge. So far as the record shows, the appellee was not present and had nothing to do with making the settlement and dismissal of the criminal charge.

"Where the defendant in a criminal case, by his own initiative and effort, procures a dismissal of the prosecution by a compromise and settlement with the com-

plainant, an action for malicious prosecution cannot be maintained." Nelson v. National Casualty Co., supra.

"* * * 'where a nolle prosequi is entered by the procurement of the party prosecuted, or by his consent, or by way of compromise, such party cannot have an action for malicious prosecution.'" Russell v. Morgan, 24 R.I. 134, 52 A. 809, 811; Langford v. Boston & A. Railroad Co., 114 Mass. 431, 11 N.E. 697.

"Where the termination of the prosecution has been brought about by the procurement of the defendant, or by compromise and agreement of the parties, an action for malicious prosecution cannot be maintained." Wickstrom v. Swanson, 107 Minn. 482, 120 N.W. 1090, 1092.

The facts pleaded by appellant show that he, through the efforts of his father, procured a settlement of the claim and a dismissal of the criminal charge, and in so doing he is now precluded from maintaining that the settlement was not voluntarily made and that the criminal action terminated favorably to him.

By his own initiative and effort, he procured a settlement and dismissal of a criminal case. So far as the record shows appellee took no action to procure a settlement or a dismissal of the criminal charge against appellant. As a result of the compromise and settlement appellant paid the indebtedness and secured his release from custody and the dismissal of the criminal charge pending against him. We have failed to find that he was coerced in

so doing, and the facts pleaded by appellant failed to sustain any cause of action for malicious prosecution.

Finding no error in the record, the judgment of the trial court will be affirmed, and

It is so ordered.

SADLER, C. J., and MABRY, BICKLEY, and BRICE, JJ., concur.