**Juan MONTES, et al., Plaintiffs,**

v.

**Lawrence GALLEGOS,
et al., Defendants.**

**Civ. No. 91–1121 JP.**

United States District Court,
D. New Mexico.

Dec. 23, 1992.

Jeffrey J. Buckels, Albuquerque, NM, Richard Rosenstock, Santa Fe, NM, Jane Marx, Albuquerque, NM, for Juan Montes, Maria Montes and Xochitl Montes.

William S. Keller, Santa Fe, NM.

Randolph B. Felker, Felker, Ish, Hatcher, Ritchie, Sullivan & Geer, Santa Fe, NM, for Lawrence Gallegos, Danny Pacheco, Village of Questa, and Dan Herrera.

John K. Silver, McClaugherty, Silver & Downes, Santa Fe, NM, for defendant Lawrence Gallegos.

Randolph B. Felker, Felker, Ish, Hatcher, Ritchie, Sullivan & Geer, John K. Silver, McClaugherty, Silver & Downes, Bruce A. Kelly, Taos Dist. Attorney's Office, Taos, NM, for County of Taos, Taos County Sheriff's Dept., Taos County Bd. of Com'rs, Joe Martinez, and Felipe Cordova.

John M. Paternoster, Taos Dist. Attorney's Office, Taos, NM, for Sam Pacheco.

## MEMORANDUM OPINION AND ORDER

PARKER, District Judge.

The subjects of this memorandum opinion and order are plaintiffs' motion, filed September 24, 1992, to file a second amended complaint; cross motions, filed September 2, 1992 and September 29, 1992, for partial summary judgment on plaintiff Maria Montes' claims against defendant Danny Pacheco; plaintiff Juan Montes' motion, filed October 2, 1992 for partial summary judgment against defendant Lawrence Gallegos; and defendant Lawrence Gallegos' motion, filed October 13, 1992, to dismiss plaintiffs' state tort claims against him. Previously, on June 5, 1992, 812 F.Supp. 1159, I entered a memorandum opinion and order in which, *inter alia*, I

granted plaintiff Juan Montes' motion for partial summary judgment on his Fourth Amendment claim against defendant Danny Pacheco. After careful consideration of the pleadings, facts and law, and being otherwise fully advised in these matters, I have determined that plaintiffs' motion to file a second amended complaint should be granted, the cross motions for partial summary judgment on Maria Montes' claims should be partially granted and partially denied, Juan Montes' motion for summary judgment against Lawrence Gallegos should be denied, and Lawrence Gallegos' motion to dismiss the state tort claims should be denied to the extent that Gallegos is sued as a private citizen.

### 1. *Motion to File Second Amended Complaint*

Plaintiffs' first complaint was filed on November 18, 1991, alleging violations of civil and constitutional rights, and seeking damages and injunctive relief as a result of plaintiff Juan Montes' arrest in November of 1990 and prosecution in April of 1991. Subsequently, I allowed plaintiffs to file an amended complaint in order to (1) add a claim for violation of Xochitl Montes' Fourth Amendment rights; (2) join Taos County Sheriff Felipe Cordova and Taos Board of County Commissioners as defendants; (3) add additional claims arising out of the October 1991 arrest and prosecution of plaintiff Juan Montes; (4) join Taos County Deputy Sheriff Joe Martinez as a defendant, due to his alleged role in the October 1991 arrest and subsequent prosecution; and (6) join District Attorney Sam Pacheco as a defendant, due to his role in prosecuting Juan Montes, for the purpose of obtaining injunctive relief. Plaintiffs now seek to file a second amended complaint with the following amendments:

1. Omission of Sam Pacheco from the caption and as a defendant;

2. Omission of paragraph 10 regarding Sam Pacheco;

3. Addition of a new paragraph 57 regarding the dismissal of the disorderly conduct charges and alleging the factual basis for a second malicious prosecution claim;

4. Addition to paragraph 58 an allegation that the right to be free from malicious prosecution was an additional right protected by the state and federal constitutions;

5. Striking of previously numbered paragraphs 59–64 regarding Sam Pacheco's prosecution of the disorderly conduct charge;

6. Omission of paragraph 4 from the prayer for relief seeking an injunction against prosecution for the second arrest;

7. Addition to previously numbered paragraph 19 an allegation that the affidavit in support of the first arrest of Juan Motes was prepared by Danny Pacheco and signed by Lawrence Gallegos.

■ Defendants do not object to proposed amendments 1, 2, 5, 6 and 7. However, defendants do object to proposed amendments 3 and 4 which pertain to adding a second malicious prosecution claim based upon the October 11, 1991 arrest of plaintiff Juan Montes at the Questa school administration building. Defendants argue that it would be futile for plaintiffs to add a malicious prosecution claim based on the second arrest because there was a compromise and settlement of claims arising out of the October 11, 1991 arrest which defeats a subsequent malicious prosecution claim. Defendants assert that "[a]s part of a compromise and accord between plaintiff Juan Montes and defendants Taos County and District Attorney Sam Pacheco, the parties agreed that the Eighth Judicial District Attorney's office would *nolle prosequi* the criminal charges against plaintiff Juan Montes which arose from the second arrest and that plaintiffs would dismiss all claims for injunctive relief against Taos County and [all claims against] District Attorney Sam Pacheco." Defendants' response to plaintiffs' motion to file second amended complaint at 3 (referring to affidavit of Bruce Kelly, the Deputy District Attorney for the Eighth Judicial District).

"It is a general rule that in an action for malicious prosecution ... the plaintiff must allege a termination in his favor of the prosecution or suit complained of."

*Marchbanks v. Young,* 47 N.M. 213, 217, 139 P.2d 594 (1943) (quoting 34 Am.Jur.Sec. 114, p. 771). "The weight of authority is that an acquittal upon the merits is not necessary to charge a defendant with malicious prosecution. The entry of a *nolle pros.* without the procurement or consent of defendant is such a termination as will support the action." *Meraz v. Valencia,* 28 N.M. 174, 178, 210 P. 225 (1922). However, "[w]here a *nolle prosequi* is entered by the procurement of the party prosecuted, or by his consent, or by way of compromise, such party cannot have an action for malicious prosecution." *Marchbanks,* 47 N.M. at 218, 139 P.2d 594 (citations omitted). The Tenth Circuit has interpreted *Meraz* and *Marchbanks* to "support a view of New Mexico law allowing recovery for malicious prosecution only if the criminal prosecution against the plaintiff is disposed of in a way which indicates his innocence." *Mendoza v. K–Mart, Inc.,* 587 F.2d 1052, 1057 (10th Cir.1978).

Clearly, Juan Montes negotiated the entry of a *nolle prosequi.* However, the terms of his settlement appear to be very different from the settlements involved in the *Mendoza* and *Marchbanks* cases. In *Mendoza,* the plaintiff was not convicted at her criminal trial for shoplifting. Instead, the Municipal Judge terminated the proceedings based on omissions in proof and procedural errors. The Municipal Judge "testified at the federal trial that but for the omissions mentioned, 'there is no doubt in my mind that I would have found [Mendoza] guilty in view of the fact of the evidence.' *Mendoza,* 587 F.2d at 1055. In *Marchbanks,* the plaintiff had been accused of writing bad checks and "after his arrest, [plaintiff], through his father, made arrangements with the Justice of the Peace to compromise, pay and settle said claim and secured his release from custody." *Marchbanks,* 47 N.M. at 216, 139 P.2d 594.

It is the general rule that where defendant, charged with a crime which may be compromised lawfully, voluntarily pays the amount involved in the criminal case for the purpose of settlement, and the charge is withdrawn or dismissed in consequence thereof, the payment is a tacit admission that there was probable cause for instituting the proceedings; hence an action for malicious prosecution will not lie.

*Id.*

In this case, the parties have different interpretations of the agreement they reached which resulted in an entry of *nolle prosequi* in Juan Montes' criminal case. According to plaintiff Juan Montes, the claims which he agreed to dismiss in exchange for an entry of *nolle prosequi* in his criminal case were claims which were only added due his imminent prosecution. Thus, once the state agreed not to prosecute Juan Montes, he agreed to dismiss those claims which arose from that prosecution. However, defendants argue that plaintiffs agreed to dismiss the entire civil rights action against Sam Pacheco, not merely the claims against him for injunctive relief related to the prosecution of Juan Montes.[1] Since the meaning of the agreement is under dispute and since a trier of fact could conclude that Juan Montes' criminal case was disposed of in a way which indicates his innocence, I will allow plaintiffs, under Rule 15(a) of the Federal Rules of Civil Procedure to file a second amended complaint so that the validity of Juan Montes' second malicious prosecution claim can be more fully explored. *See Whelan v. Abell,* 953 F.2d 663, 670 (D.C.1992) ("When an allegedly malicious action is terminated voluntarily and the original plaintiff's motivation for seeking dismissal is disputed, the question of whether the termination was favorable to the original defendant should be submitted to the jury.")[2]

---

1. By way of warning, this dispute over the interpretation of the agreement may result in future evidentiary complications since at least some of the attorneys who negotiated the agreement are also attorneys of record in this case and likely are key witnesses as to this dispute.

2. Defendants also argue that plaintiffs should not be permitted to amend their complaint since their malicious prosecution claim does not state a claim upon which relief can be granted. However, plaintiffs have properly alleged all the elements of a malicious prosecution claim which they bring only against defendants Joe

**2.** *Cross Motions for Summary Judgment on Maria Montes' claims against Danny Pacheco*

■ Plaintiff Maria Montes moves for summary judgment on all of her claims against defendant Danny Pacheco, which are, (1) her claims for violations of the Fourth and Fourteenth Amendments to the United States Constitution; (2) her claims for violations of Article II, Sections 4, 10 and 18 of the New Mexico Constitution; and (3) her claim that her property right to be free from trespass was violated. Defendant Danny Pacheco has filed a motion for summary judgment on the identical claims.[3]

As explained in the June 5, 1992 opinion, Danny Pacheco, then Acting Chief of Police of the Village of Questa, arrested Juan Montes late on the night of November 21, 1990. In the June 5, 1992 opinion, I found that in arresting plaintiff Juan Montes, Danny Pacheco violated Juan Montes' Fourth Amendment right to be free from unreasonable seizures since Pacheco executed the arrest based on a facially invalid arrest warrant. I further found that as a matter of law, defendant Pacheco was not entitled to qualified immunity or the "good faith exception" established in *United States v. Leon*, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984) since the warrant was so lacking in any indicia of probable cause that no reasonable officer could have reasonably relied on the warrant in effecting the arrest.

I now find that a partial summary judgment should also be entered in favor of plaintiff Maria Montes against defendant Danny Pacheco. The following facts are undisputed. Maria Montes is married to Juan Montes and she co-owns their home in Questa, New Mexico. Maria Montes was home on November 21, 1990 when Danny Pacheco entered their home and arrested Juan Montes. At the time of the arrest, Maria Montes was in her nightclothes preparing for bed and she came out of the bedroom to see what was happening when she heard the noise caused by the officers' entry into her home. Maria Montes observed defendant Pacheco standing inside of her home.

"Physical entry of the home is the chief evil against which the wording of the Fourth Amendment is directed." *United States v. United States District Court*, 407 U.S. 297, 313, 92 S.Ct. 2125, 2134, 32 L.Ed.2d 752 (1972).

[A] Fourth Amendment violation occurs when police engage in a warrantless search and no exception to the warrant requirement applies, or when police search pursuant to a warrant not based on probable cause.

*Specht v. Jensen*, 832 F.2d 1516 (10th Cir. 1987). Defendants argue that Maria Montes does not have a Fourth Amendment claim because the actions of defendant Pacheco were not directed at her and he did not intend to seize her. However, Pacheco certainly intended to invade the Montes' home in which Maria Montes had a reasonable expectation of privacy.

In none is the zone of privacy more clearly defined than when bounded by the unambiguous physical dimensions of an individual's home—a zone that finds its roots in clear and specific constitutional terms: "The right of the people to be secure in their ... houses ... shall not be violated." That language unequivocally establishes the proposition that "at the very core [of the Fourth Amendment] stands the right of a man to be free from unreasonable governmental intrusion." ... [T]he Fourth Amendment has drawn a firm line at the entrance to the house.

Martinez, Taos County and the Taos Board of County Commissioners. This is not the proper time to resolve factual disputes concerning the merits of that claim.

**3.** Maria Montes' claims under the United States Constitution are brought under 42 U.S.C. § 1983. Her claims under the New Mexico Constitution and for trespass are brought under the New Mexico Tort Claims Act, §§ 41–4–1—

41–4–27, NMSA 1978 (1989 Repl.). § 41–4–12 of the Tort Claims Act waives immunity for the "violation of property rights or [the] deprivation of any rights, privileges or immunities secured by the constitution and laws of the United States or New Mexico when caused by law enforcement officers while acting within the scope of their duties."

*Payton v. New York,* 445 U.S. 573, 590–591, 100 S.Ct. 1371, 1381–1382, 63 L.Ed.2d 639 (1980). Furthermore, "the Supreme Court has never implied that the existence of a constitutional violation hinges upon the official's mental state ... [N]o specific mental state is required to violate the Fourth Amendment." *Specht v. Jensen,* 832 F.2d at 1522–1523. Thus, since I have already found that the arrest warrant upon which defendant Pacheco relied was invalid, defendant Pacheco's entry into the Montes' home was illegal and in violation of Maria Montes' Fourth Amendment rights. Summary judgment should also be granted in Maria Montes' favor on her claim under Article II, Section 10 of the New Mexico Constitution which protects all New Mexicans from unreasonable searches and seizures.

 Maria Montes also moves for summary judgment on her trespass claim and her claim that defendant Pacheco's trespass into her home deprived her of her property rights without due process of law. A trespass consists of an unauthorized entry upon the land of another. *North v. Public Service Co.,* 94 N.M. 246, *cert. denied* 94 N.M. 629, 614 P.2d 546 (1980). Restatement of Tort (2d) provides that one is subject to liability to another for trespass if he or she intentionally enters or remains on land in the possession of the other. I have already found, in the June 5, 1992 opinion, that the warrant upon which defendant Pacheco relied was so lacking in indicia of probable cause that the qualified immunity defense was unavailable, and defendant Pacheco's entry was unlawful. Thus, I have already rejected the argument defendant Pacheco currently makes that his entry was "authorized" due to the warrant. Therefore, I now conclude, as a matter of law, that defendant Pacheco trespassed on the property of Maria Montes and is liable under § 41–4–12 of the New Mexico Tort Claims Act.

 Plaintiff Maria Montes' claims that defendant Pacheco's unlawful intrusion into the Montes' home without consent violated her right to be free from the deprivation of her property rights without due process guaranteed by the Fourteenth Amendment to the United States Constitution and Article II, Section 18 of the New Mexico Constitution. Section 1983 "provide[s] a federal judicial forum for the redress of wrongful deprivations of property by persons acting under color of state law." *Lynch v. Household Finance Corp.,* 405 U.S. 538, 545–546, 92 S.Ct. 1113, 1117, 31 L.Ed.2d 424 (1972). "Historically, th[e] guarantee of due process has been applied to *deliberate* decisions of government officials to deprive a person of life, liberty, or property." *Daniels v. Williams,* 474 U.S. 327, 331, 106 S.Ct. 662, 665, 88 L.Ed.2d 662 (1986). To state a due process claim, whether procedural or substantive, there must be "an element of deliberateness in directing the misconduct toward the plaintiff." *Archuleta v. McShan,* 897 F.2d 495, 498 (10th Cir.1990). Again, defendant Pacheco argues that "no police action was directed at Maria Montes. She was merely a bystander to her husband's arrest ... Since no state conduct was directed at her, she is unable to establish the necessary element of deliberateness required for a due process claim." Defendants' Memorandum in Support of Pacheco's Motion for Summary Judgment at 6. However, as I found in discussing the Fourth Amendment claim, defendant Pacheco deliberately and unlawfully entered the Montes' home—a home in which Maria Montes is co-owner—in direct violation of her constitutional rights. Defendants also argue that defendant Pacheco did not deprive Maria Montes of any of her property since entry into the home does not constitute such a deprivation. However, I have already found that the entry into the home constituted a trespass, as defined by New Mexico case law and the Restatement (2d). Thus, in deliberately and unlawfully entering the Montes' home, defendant Pacheco deprived Maria Montes' of her property rights without due process of law. Plaintiff Maria Montes' motion for summary judgment on her claims under the Fourteenth Amendment to the United States Constitution and Art. II, Section 18 to the New Mexico Constitution should be granted.

Finally, because the New Mexico Supreme Court has not "reach[ed] the issue of whether, and under what circumstances, violation of [Article II, Section 4 [4]] provisions give rise to a cause of action for damages under the provisions of the Tort Claims Act," *California First Bank v. State*, 111 N.M. 64, 76, 801 P.2d 646 (1990) and because I find that Maria Montes' claims are sufficiently covered by Art II, Sections 10 and 18 of the New Mexico Constitution, I find that defendants' motion for summary judgment on Maria Montes' claims under Art. II, Section 4 of the New Mexico Constitution should be granted.

### 3. *Juan Montes' claims against defendant Lawrence Gallegos*

■ Plaintiff Juan Montes moves for summary judgment on all of his claims against defendant Lawrence Gallegos. As explained in the June 5, 1992 memorandum opinion and order, Gallegos was the mayor of Questa when Juan Montes was unlawfully arrested on November 21, 1990. Furthermore, Gallegos is, and was on November 21, 1990, the owner of the Monte Carlo Lounge, the scene of the bar fight which allegedly gave rise to Montes' arrest. Although Gallegos was not at the bar when the fight occurred, he did arrive soon afterwards. Subsequently, Gallegos completed the criminal complaint and executed the sworn affidavit upon which the arrest warrant for Juan Montes was based.

Plaintiff Juan Montes argues that Lawrence Gallegos jointly participated in the arrest of Juan Montes in that Gallegos unconstitutionally initiated the illegal arrest and defendant Pacheco unconstitutionally executed it. Plaintiff argues that Gallegos had an improper motive in securing the arrest of Montes and points to the following facts in support of his position: (1) Gallegos did not see Montes participating in the fight; (2) none of the victims wanted to press charges against their assailants; (3) the victims testified at Montes' criminal trial that they had not identified Montes to Gallegos as a person involved in the fight and that, indeed, they had never seen Montes before in their lives; (4) victim Elva Sanchez testified in deposition that Gallegos may have mentioned Montes' name as one of the assailants; (5) Gallegos completed the affidavit to secure the arrest warrant of Montes with no personal knowledge and with no facts supporting probable cause to arrest Juan Montes; and (6) this was the first time in defendant Pacheco's career that an individual other than a law enforcement officer prepared and swore out an affidavit for an arrest warrant.

In ordering a summary judgment against defendant Pacheco in my June 5, 1992 order, 812 F.Supp. 1159, I found that Pacheco arrested Juan Montes based on a warrant that was so unsupported by probable cause that no reasonable officer would have relied on the warrant. However, since defendant Gallegos is not a police officer, the fact that I found the affidavit in support of the arrest warrant to be lacking in probable cause is irrelevant as to him. In order for Gallegos to be liable, he must be found to have acted in concert with a state actor, namely officer Danny Pacheco, in pursuing an unconstitutional goal. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982). I find that there exist genuine issues of material fact concerning Gallegos' alleged joint participation in securing the illegal arrest of Juan Montes because there are factual disputes about whether Gallegos acted with an improper motive on the night of November 21, 1990 or whether Gallegos' actions in pursuing the arrest of Juan Montes on November 21, 1990 were completely proper. Thus, Juan Montes' motion for summary judgment on his claims against defendant Lawrence Gallegos should be denied.

### 4. *Lawrence Gallegos' Motion to Dismiss State Tort Claims*

■ Defendant Lawrence Gallegos argues that as mayor of Questa, he is im-

---

**4.** Article II, Section 4 of the New Mexico Constitution provides:

All persons are born equally free, and have certain natural, inherent and inalienable rights, among which are the rights of enjoying and defending life and liberty, of acquiring, possessing and protecting property, and of seeking and obtaining safety and happiness.

mune from suit and all of plaintiffs' claims brought against him under the New Mexico Tort Claims Act ("the Act") must be dismissed. Plaintiffs assert that they are suing defendant Gallegos as a private citizen, not as mayor. Plaintiffs point to paragraph 34 of the amended complaint in which they alleged that Gallegos acted in concert with defendant Danny Pacheco to arrest and prosecute plaintiff. Defendant Gallegos has defended himself on the basis that he acted as a private citizen with respect to the allegations in the amended complaint. I conclude that so long as the complaint is read to sue defendant Gallegos only as a private citizen, none of the claims against him should be dismissed.

 Alternatively, plaintiffs argue that as mayor of Questa, Gallegos is a "law enforcement officer" for purposes of the Act, and thus, he is not immune from suit under the Act. § 41–4–12 of the Act provides a waiver of immunity for law enforcement officers who engage in tortious conduct. § 41–4–3(D) defines a "law enforcement officer" as "any full-time salaried public employee of a governmental entity whose principal duties under law are to hold in custody a person accused of a criminal offense, to maintain public order or to make arrests for crimes ..." Plaintiffs assert that under state law, a mayor has the same powers as a sheriff to maintain public order since state law recognizes that mayors have as a principal duty the authority and the obligation to exercise law enforcement functions. See § 3–11–4 NMSA 1978 (1985 Repl.).[5]

I conclude that as the mayor of Questa, defendant Gallegos is not a "law enforcement officer" for purposes of the Act.

> To determine whether positions are of a law enforcement nature, this court will look at the character of the principal duties involved, those duties to which employees devote the majority of their time ...

This Court has looked at Section 41–4–3(D) and believes that it was the intent of the Legislature in enacting this provision to include within the definition of law enforcement officer or peace officer only those persons whose principal duties include those of a direct law enforcement nature.

*Anchondo v. Corrections Department,* 100 N.M. 108, 109, 666 P.2d 1255 (1983). Because a mayor's duties are not principally those of a direct law enforcement nature, defendant Gallegos is immune from suit as the mayor of Questa. See § 3–11–3 NMSA (1978).

IT IS THEREFORE ORDERED that:

(1) plaintiffs' motion for leave to file a second amended complaint is GRANTED;

(2) plaintiff Maria Montes' motion for partial summary judgment is GRANTED on her claims arising under the Fourth and Fourteenth Amendments to the United States Constitution, Art. II, Sections 10 and 18 of the New Mexico Constitution and violation of the New Mexico State Tort Claims Act for trespass; her motion for partial summary judgment on her claim under Art. II, Section 4 of the New Mexico Constitution is DENIED;

(3) defendant Danny Pacheco's motion for partial summary judgment is GRANTED in his favor on Maria Montes' claim arising under Art. II, Section 4 of the New Mexico Constitution and is DENIED as to all other claims by Maria Montes against him;

(4) plaintiff Juan Montes' motion for partial summary judgment against defendant Lawrence Gallegos is DENIED; and

(5) defendant Lawrence Gallegos' motion to dismiss plaintiffs' state tort claims is DENIED to the extent those claims are asserted against Gallegos as a private citizen and GRANTED to the extent those claims are asserted against Gallegos as the mayor of Questa.

---

**5.** Although neither counsel for Montes nor Gallegos has indicated whether the mayor of Questa is a full-time, salaried position, as required by the Act's definition of law enforce- ment officer, I will assume for purposes of this motion that the mayor of Questa is indeed a full-time, salaried position.