Juan MONTES, et al., Plaintiffs,

v.

Lawrence GALLEGOS,
et al., Defendants.

Civ. No. 91–1121 JP.

United States District Court,
D. New Mexico.

June 5, 1992.

Jeffrey J. Buckels, Albuquerque, NM, Richard Rosenstock, Santa Fe, NM, Jane Marx, Albuquerque, NM, William S. Keller, Santa Fe, NM, for plaintiffs.

Randolph B. Felker, Felker, Ish, Hatcher, Ritchie, Sullivan & Geer, John K. Silver, McClaugherty, Silver & Downes, Santa Fe, NM, Bruce A. Kelly, Taos, NM, John M. Paternoster, Taos Dist. Attorney's Office, Taos, NM, for defendants.

## MEMORANDUM OPINION AND ORDER

PARKER, District Judge.

The subjects of this memorandum opinion and order are plaintiff Juan Montes' motion for partial summary judgment, filed December 4, 1991, defendants' motion for partial summary judgment, filed February 10, 1992, defendants' motion to strike former trial testimony, filed March 9, 1992, defendants' motion to strike affidavit of Thomas T. Gillespie, filed March 9, 1992, plaintiffs' motion to strike portions of defendants' reply brief in support of defendants' motion to strike affidavit of Thomas T. Gillespie, filed April 22, 1992, plaintiffs' motion to supplement plaintiffs' response to defendants' motion for partial summary judgment, filed May 7, 1992, and plaintiffs' motion to amend complaint, filed May 19, 1992. After careful consideration of the pleadings, facts and law, and being otherwise fully advised in these matters, I have determined that plaintiff's motion for partial summary judgment should be granted, defendants' motion for partial summary judgment should be denied, defendants' motion to strike portions of former trial testimony should be denied, defendants' motion to strike affidavit of Gillespie should be denied, plaintiffs' motion to strike portions of defendants' reply brief should be denied, plaintiffs' motion to supplement plaintiffs' response should be granted, and plaintiffs' motion to amend complaint should be granted.

## 1. Background

Plaintiff Juan Montes was arrested at his home in Questa, New Mexico on November 21, 1990 by Defendant Danny Pacheco, then Acting Chief of Police of the Village of Questa. Pacheco arrested Juan Montes pursuant to an arrest warrant which he obtained from a state magistrate judge, Betty Gonzales. The warrant was based on an affidavit prepared by defendant Gallegos, who is the owner of the Monte Carlo lounge and is also the mayor of Questa. The affidavit states that Juan Montes committed the crimes of battery, disorderly conduct, public affray and criminal damages to property in the Monte Carlo lounge on November 21, 1990. Specifically, the factual statement in the affidavit provides in full:

> Battery: When Defendant did commit the crime of Battery, Battering Paul George Lacome, Mark Lacome and Anselmo Duran.
>
> Disorderly Conduct: When Defendant did act in a boisterous loud manner at Monte Carlo Lounge.
>
> Public Affray: When Defendant did engage in Public fighting causing injury to another person.
>
> Criminal Damages to property: When Defendant did commit the crime of damages to peroperty [sic] by breaking a window in the Monte Carlo Lounge.

In addition to this affidavit, a police report exists, prepared by Officer Pacheco, which states that Pacheco was dispatched to the Monte Carlo lounge where he found three bloodied men, Mark Lacome, Paul George Lacome and Anselmo Duran. According to the police report, two of these three men, along with eye witnesses at the Monte Carlo identified Juan Montes as one of the assailants. Gallegos stated that he wanted to file charges against the assailants. Pacheco asked Gallegos to meet him at the local magistrate court where the magistrate clerk typed the criminal complaint, signed by Pacheco, and the affidavit for the arrest warrant, signed by Gallegos. Pacheco, along with another officer, Brian Nellist, proceeded to obtain the warrant

from Magistrate Judge Betty Gonzales in Taos who first placed Pacheco under oath and questioned him about the incident at the Monte Carlo lounge. Pacheco, accompanied by two Taos deputies, defendant Herrera and Gasper Medina, arrested the assailants, including Juan Montes, late on the night of November 21, 1990.

At a criminal trial held in the County of Taos Magistrate Court on April 1, 1991, in the case of *State of New Mexico v. Juan Montes*, No. 20–02–79–0052–A–C, the plaintiff was represented by Danny Pacheco and Lawrence Gallegos and the defendant was *pro se*. Under both direct and cross examination, the victims, Mark Lacome, Paul George Lacome, and Anselmo Duran, and Andrew Gonzales, another victim not identified in the police report, all testified that they had not seen Juan Montes at the Monte Carlo lounge on the night in question and they had not told officer Pacheco anything to the contrary. Under cross examination, officer Pacheco testified that the owner of the bar, Lawrence Gallegos was not present when the fight took place. The court found Juan Montes not guilty on all of the charges since the State "clearly ... failed to prove [his guilt] beyond a reasonable doubt."

Subsequently, on November 18, 1992, plaintiffs filed a complaint for violations of civil and constitutional rights, seeking damages and injunctive relief. Plaintiffs have claims under the First, Fourth, and Fourteenth Amendments of the United States Constitution and under state law, alleging that defendants acted "in retaliation for protected conduct, including arrest without probable cause, illegal seizure of the person, use of excessive force, malicious prosecution, denial of substantive due process, intentional interference with intimate familial relationships, conspiracy to commit the above-noted violations and for negligent and intentional torts ..." Complaint, ¶ 1. Plaintiffs allege that defendants Pacheco and Gallegos acted to retaliate against Juan Montes because of his public criticism of their conduct. Complaint, ¶ 33.

### 2. Motion to Amend Complaint

Plaintiffs now move to amend their complaint in order to (1) add a claim based on newly published case law which leads plaintiffs to believe that Xochitl Montes has a Fourth Amendment claim based on the police officers' allegedly illegal entry into her home; (2) join Taos County Sheriff Felipe Cordova as a defendant based on defendant Herrera's deposition testimony; (3) join Taos Board of County Commissioners as a defendant because it may be the governmental entity subject to suit as defined by New Mexico law; (4) add additional claims of arrest without probable cause, filing of false criminal charges, selective prosecution and retaliation arising out of an October 1991 arrest and prosecution of plaintiff Juan Montes which plaintiffs allege were "motivated by the same constitutionally impermissible purposes as the November, 1990 arrest and the April, 1991 prosecution," Motion to Amend Complaint, ¶ 7; (5) join Taos County Deputy Sheriff Joe Martinez as a defendant, due to his alleged role in the October 1991 arrest and subsequent prosecution; and (6) join District Attorney Sam Pacheco as a defendant, due to his role in prosecuting Juan Montes, for the purpose of obtaining injunctive relief. Under Rule 15(a) of the Federal Rules of Civil Procedure, "leave [to amend a complaint] shall be freely given when justice so requires." *See also Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *Lease–America Corporation v. Eckel*, 710 F.2d 1470 (10th Cir.1983). Thus, since this case is still relatively young and the amended complaint does not unfairly prejudice any party, leave to file the amended complaint should be granted so that plaintiffs have the opportunity to adjudicate all of their claims on the merits.

### 3. Cross Motions for Summary Judgment[1]

Plaintiff Juan Montes moves for summary judgment against defendant Pacheco

---

**1.** Three of the extraneous motions relating to the cross motions for summary judgment should be denied without much further ado.

Defendants' motions to strike affidavit of Thomas T. Gillespie and to strike the former trial testimony are not well taken. I find nothing

on the Fourth Amendment claim which alleges that in arresting Montes, Pacheco violated Montes' Fourth Amendment right to be free from unreasonable seizures of his person. Plaintiff bases this argument on the affidavit in support of the application for search warrant which plaintiff argues is completely void of any facts leading to probable cause to arrest. Defendants, on the other hand, move for summary judgment on the same issue, arguing that Montes' arrest was fully supported by probable cause and that, furthermore, Pacheco is qualifiedly immune from suit.[2]

■■■ Under federal law, an affidavit in support of a warrant must contain sufficient facts to enable a neutral and detached magistrate to make an independent determination that probable cause exists to believe that a crime has been committed and that the person named in the warrant committed the crime. *Illinois v. Gates,* 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). In *Gates,* the United States Supreme Court ruled that a "totality of the circumstances" test should be applied to the sufficiency of an affidavit in support of a search warrant:

The task of the issuing magistrate is simply to make a practical, common-

sense decision whether, given all the circumstances set forth in the affidavit before him [or her], including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for ... conclud[ing] that probable cause existed.

Sufficient information must be presented [in an affidavit] to the magistrate to allow that official to determine probable cause; his action cannot be a mere ratification of the bare conclusions of others. In order to ensure that such an abdication of the magistrate's duty does not occur, courts must continue to conscientiously review the sufficiency of affidavits on which warrants are issued.

*Id.* at 238–239, 103 S.Ct. at 2332 (cites omitted). Similarly, New Mexico law states that an affidavit is sufficient only if it shows a substantial basis for believing the hearsay presented in the affidavit and for believing that there is a factual basis for the information furnished. *State v. Cordova,* 109 N.M. 211, 784 P.2d 30 (1989); SCRA 1986, 5–211(E). State Rule 5–211

---

improper about Gillespie's affidavit and the trial testimony, which has been certified, is perfectly good evidence in support of a motion for summary judgment. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986) (not necessary to produce evidence in a form that would be admissible at trial in briefing motion for summary judgment); *Fisher v. Shamburg,* 624 F.2d 156, 162, n. 7 (10th Cir.1980) ("[i]t is proper to consider a certified transcript on a motion for summary judgment"). I might add, however, that I did not rely on either Gillespie's affidavit or the former trial testimony to reach my decision that plaintiff's motion for partial summary judgment should be granted.

Plaintiffs' motion to strike portions of defendants' reply brief filed in support of defendants' motion to strike affidavit of Thomas T. Gillespie should be denied as moot. Moreover, even if I assume that a motion to strike under Rule 12(f) of the Federal Rules of Civil Procedure properly applies to striking a portion of a party's argument in a motion, which I am not certain that it does, plaintiffs' motion to strike still must fail as I am not convinced that a dispute over the proper interpretation of case law can fairly be

called "immaterial" or constituting an "insufficient defense." Certainly, defendants' citation to *U.S. v. Hill,* 500 F.2d 315 (5th Cir.1974), *cert. denied* 420 U.S. 931, 95 S.Ct. 1135, 43 L.Ed.2d 404 (1975) and *U.S. v. Beasley,* 485 F.2d 60 (10th Cir.1973), *cert. denied* 416 U.S. 941, 94 S.Ct. 1946, 40 L.Ed.2d 292 (1974) bears weight on the issue of the scope of the admissibility of oral evidence to supplement affidavits in support of an application for a search warrant.

**2.** Although at first plaintiff's positions seem contradictory since, on the one had, plaintiff moves for summary judgment on his Fourth Amendment claim, and yet, in response to defendants' motion for summary judgment on the Fourth Amendment claim, he argues there exist genuine issues of material fact which preclude summary judgment, I have analyzed Montes' position as follows: There is no genuine issue of material fact on the facial invalidity of the affidavit in support of the arrest warrant but if I find that the warrant is not on its face invalid, then there is a genuine issue of material fact concerning defendant Pacheco's defense of qualified immunity and information, not contained in the affidavit, which supposedly amounted to probable cause to arrest Juan Montes.

further provides that "the court may require the *affiant* to appear personally and may examine under oath the *affiant* and any witnesses he may produce, provided that such additional evidence shall be reduced to writing, supported by oath or affirmation and served with the warrant." (emphasis supplied). Furthermore, the "good faith" exception to the warrant requirement does not apply if an officer relies on a warrant based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable. *Leon v. United States,* 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). Likewise, an officer cannot utilize the protection of the qualified immunity defense if a reasonably well-trained officer in the same position would have known that the affidavit failed to establish probable cause and that the officer should not have applied for the warrant. *Malley v. Briggs,* 475 U.S. 335, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986).

In *Malley,* the plaintiffs "brought a 42 U.S.C. § 1983 action … charging, *inter alia,* that [a state police officer], in applying for warrants for their arrest, violated their rights under the Fourth and Fourteenth Amendments." 475 U.S. at 338, 106 S.Ct. at 1094.[3] The United States Supreme Court upheld the appellate court's reversal of the trial court's directed verdict in favor of the police officer.

The District Court's primary justification for directing a verdict was that the act of the judge in issuing the arrest warrants for respondents broke the causal chain between petitioner's filing of a complaint and respondents' arrest. The court also stated that an officer who believes that the facts stated in his affidavit are true and who submits them to a neutral magistrate may thereby be entitled to immunity under the "objective reasonableness" standard of *Harlow v. Fitzgerald,* 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982).

*Malley,* 475 U.S. at 338–339, 106 S.Ct. at 1095–1096. The *Malley* court rejected both of the police officer's arguments, (1) that he was absolutely immune from suit; and (2) that he was qualifiedly immune. The court found that the "same standard of objective reasonableness that we applied in the context of a suppression hearing in *Leon* defines the qualified immunity accorded an officer whose request for a warrant allegedly caused an unconstitutional arrest." 475 U.S. at 344, 106 S.Ct. at 1098.

The … question in this case is whether a reasonably well-trained officer in [the police officer's] position would have known that his affidavit failed to establish probable cause and that he should not have applied for the warrant. If such was the case, the officer's application for a warrant was not objectively reasonable, because it created the unnecessary danger of an unlawful arrest. It is true that in an ideal system an unreasonable request for a warrant would be harmless, because no judge would approve it. But ours is not an ideal system, and it is possible that a magistrate, working under docket pressures, will fail to perform as a magistrate should. We find it reasonable to require the officer applying for the warrant to minimize this danger by exercising reasonable professional judgment.

*Malley,* 475 U.S. at 345–346, 106 S.Ct. at 1098.

■■■ I conclude that the warrant and supporting affidavit are facially invalid and that as a matter of law, officer Pacheco is not entitled to the defense of qualified immunity. The affidavit prepared by Lawrence Gallegos simply makes conclusory statements that Juan Montes committed the crimes alleged. There are no facts which would have enabled the magistrate to determine the veracity of the allegations made against Juan Montes, i.e. how did the affiant come to these conclusions about Montes—did he have personal knowledge, or did someone tell him and if so, is the

---

**3.** Although *Malley* only dealt with a § 1983 damages action for an officer's part in obtaining an allegedly unconstitutional arrest warrant, and this case deals with damages for an officer's part in actually culminating the arrest in reliance on an allegedly unconstitutional warrant, the language of *Malley* is certainly helpful in reaching a decision on this case.

information reliable. Furthermore, the warrant is so lacking in indicia of probable cause that it prevents defendant Pacheco from successfully claiming the defense of qualified immunity. There is not a single piece of supporting information in the affidavit that would reasonably lead an officer to the mistaken conclusion that such an affidavit provided the magistrate with probable cause upon which to issue a warrant. Even though the New Mexico rules allow for the *affiant* to support the affidavit with sworn testimony, there is no such provision that permits a police officer who is not the affiant to do so. Furthermore, any sworn testimony must be reduced to writing and accompany the warrant.[4] Thus, Pacheco's oral testimony given under oath to the magistrate is immaterial to the probable cause determination. Plaintiff Juan Montes' motion for summary judgment against Pacheco should be granted since, as a matter of law, defendant Pacheco violated Juan Montes' Fourth Amendment right to be free from unreasonable seizures when Pacheco arrested Montes pursuant to a facially invalid search warrant.

■ Defendants Lawrence Gallegos, Danny Pacheco, the Village of Questa, Dan Herrera, Taos County, and the Taos County Sheriff's Department have moved for summary judgment on the grounds that plaintiff Juan Montes' arrest was fully supported by probable cause and that defendant Pacheco is entitled to qualified immunity as a matter of law. Based on my decision that plaintiff Juan Montes' arrest

was not supported by probable cause and that defendant Pacheco is not entitled to the defense of qualified immunity, defendants' motion for summary judgment should be denied. I might add that even if I were to deny Montes' motion for summary judgment on the ground that the warrant is not so facially invalid as to preclude a finding that defendant Pacheco is qualifiedly immune from suit, I would still deny defendants' motion for summary judgment on the ground that genuine issues of material fact exist.[5] Most prominently, there is a dispute over what information Pacheco and Gallegos had to support their application for a warrant, that is, did any eye witnesses or "victims" of the fight in the Monte Carlo Lounge on November 21, 1990 identify Juan Montes as one of the assailants. Although in his police report, Pacheco listed specific people who allegedly identified Montes as one of the assailants, all of these people have denied under oath ever making such an identification. Pacheco and Gallegos, however, continue to assert, via affidavits, that "persons" and "eyewitnesses" did, indeed, identify Juan Montes. Certainly, individual defendants are not qualifiedly immune from suit if it is determined that they deliberately or recklessly omitted exculpatory information or lied either in an affidavit or orally to a judicial officer. *Franks v. Delaware*, 438 U.S. 154, 155–156, 98 S.Ct. 2674, 2676, 57 L.Ed.2d 667 (1978); *Snell v. Tunnell*, 920 F.2d 673, 696–700 (10th Cir.1990); *Stewart v. Donges*, 915 F.2d 572, 582–583 (10th Cir.1990).[6] This factual dispute,

---

4. Although defendants concede that New Mexico law requires all sworn testimony in support of a warrant to be in writing, they argue that a federal civil rights action does not lie for an arrest which violates only state law. However, New Mexico law requiring a showing of probable cause in a warrant appears to be more stringent than federal law. *Compare State v. Cordova*, 109 N.M. 211, 784 P.2d 30 (1989) with *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). Thus, *in this situation*, a conclusion that a violation of state law has occurred seems to mandate a conclusion that federal law has also been violated. Regardless, I have already found that as a matter of federal law, the affidavit relied on by defendant Pacheco was lacking in any indicia of probable cause to support an arrest warrant.

5. Plaintiffs' motion to supplement plaintiffs' response to defendants' motion for partial summary judgment, in order to provide the court with deposition testimony taken after the response was filed, is well taken and should be granted.

6. Defendants urge me to construe the qualified immunity question as follows: "whether it was clearly established in November, 1990, that it was unconstitutional for an officer to arrest the plaintiff and other assailants who had been identified by their victims and eye witnesses as having caused the victims' injuries in a bar fight, when the plaintiff's name was specifically mentioned by three of the person interviewed by the law enforcement officer and when the law enforcement officer was able to witness the

alone, would mandate the denial of defendants' motion for summary judgment.[7]

IT IS THEREFORE ORDERED that:

(1) plaintiffs' motion to amend complaint is GRANTED;

(2) plaintiff Juan Montes' motion for partial summary judgment against defendant Pacheco is GRANTED;

(3) defendants' motion for partial summary judgment is DENIED;

(4) defendants' motion to strike former trial testimony is DENIED;

(5) defendants' motion to strike affidavit of Thomas T. Gillespie is DENIED;

(6) plaintiffs' motion to strike portions of defendants' reply brief in support of defendants' motion to strike affidavit of Thomas T. Gillespie is DENIED; and

(7) plaintiffs' motion to supplement response to defendants' motion for summary judgment is GRANTED.

injuries to the victims and damages to the property?" Defendants' Memorandum of Law at 14. However, such a construction mandates the denial of defendants' motion for partial summary judgment since it raises the very issue of material fact discussed above which requires a witness credibility determination.

7. I also find defendants' argument that defendant Pacheco could have arrested plaintiff Juan Montes without a warrant under the New Mexi-

co "barroom fight" statute meritless. Even if N.M.Stat.Ann. § 30–3–6 (Repl.Pamp.1984) were construed so as to allow a police officer to enter a supposed assailant's home hours after the brawl and "take him downtown," this interpretation does not help defendants' motion for summary judgment since probable cause to arrest is still a requirement of the statute. As I have already repeatedly stated, genuine issues of material fact exist concerning the basis for probable cause to arrest.